C. C. O'NEAL v. TEXAS BANK & TRUST COMPANY OF SWEETWATER.

No. 5040.   Decided January 2, 1929.
(11 S. W., 2d Series, 791.)

*Hurt & Jacks,* for appellant.

Until a legal controverting affidavit is filed to a plea of privilege as required by Article 2007, and notice issued and served thereon as required by law, the court acquires no jurisdiction to hear and determine the plea or any other matter concerning the suit, but should obey the mandatory provisions of the statute and transfer the case. Rev. Stats., Art. 1947; Russell Grader Mfg. Co. v. McMillin, 271 S. W., 124; Texas L. Ins. Co. v. Black, 237 S. W., 622; Wallace v

Adams, 243 S. W., 572; E. L. Witt & Sons v. Smith, 265 S. W., 1078; Bishop v. Galbreath, 250 S. W., 417; Smith v. Citizens' Natl. Bank, 246 S. W., 409; Craig, Sheriff, et al. v. Pittman & Harrison Co., 234 S. W., 1112–1113; Brooks v. Wichita Mill & Elevator Co., 211 S. W., 289; Bennett v. Rose Mfg. Co., 226 S. W., 143; Girvin v. Gulf Refining Co., 211 S. W., 331; Rice Co. v. Broussard, 223 S. W., 323; Watson v. Watson, 223 S. W., 699; Petroleum Co. v. Britton, 230 S. W., 743.

Pleas in abatement, ancillary motions, answers and cross action filed in due order of pleading, in the absence of the filing of a controverting affidavit and notice therein as provided by statute, and especially when the plea of privilege is insisted upon at the time the case is called for trial, do not constitute a waiver of the plea. Hartford F. Ins. Co. v. Shook, 35 S. W., 737; Fields & Co. v. Allison, 171 S. W., 274; Coalson v. Holmes, 240 S. W., 897; Hickman v. Swain, 167 S. W., 209; Collin County Natl. Bank v. Turner, 111 S. W., 670; Gohlman v. Whittle, 273 S. W., 806; Martin v. Kieschnick, 231 S. W., 330; Whisnant v. Kurtz, 228 S. W., 977; Griffith v. Gohlman, 200 S. W., 233; Hall v. Castleberry, 283 S. W., 583.

*Edward J. Hamner,* for appellee.

If defendant invokes the judgment of the Court in any way on any question not incident to, or appertaining to, his plea of privilege, he thereby waives such plea and becomes subject to the jurisdiction of the Court. Citizens' Bank v. First Natl. Bank, 293 S. W., 913; Ficke v. Foley, 292 S. W., 625; Martin v. Kieschnick, 231 S. W., 330; Floyd v. Gibbs, 34 S. W., 154; Railway Co. v. Hale, 206 S. W., 75; Torno v. Cochran, 201 S. W., 735.

The power inherent in every court of general jurisdiction, to set aside, at the same term at which it is rendered, any judgment or order entered by it, is not taken away by the statute relating to the plea of privilege.

MR. JUDGE NICKELS delivered the opinion of the Commission of Appeals, Section A.

### STATEMENT OF THE CASE.

December 4, 1926, appellee brought suit in the District Court of Nolan County against appellant upon a promissory note alleged to have been executed by appellant and made payable in that county. January 14, 1927, an amended petition was filed in which Southern

Surety Company was named as a defendant with appellant on the allegation that it was claiming some interest in the subject-matter.

February 15, 1927, appellant, in due time and manner, filed his plea of privilege to be sued in Dallas County.

April 13, 1927, appellant filed his "plea in abatement * * * and motion to dismiss." The pleading contains no reference to the plea of privilege and sets up facts appropriate to plea in abatement on account of another suit (involving the issues) pending in the same court.

April 13, 1927, appellant filed his "motion to consolidate" the present suit with the one referred to in the "plea in abatement." According to its verbiage the "motion to consolidate" was filed subject to the "plea in abatement * * * and to the action of the court on the same," but it includes no reference to the plea of privilege.

April 13, 1927, appellant filed a pleading styled "First Amended Original Answer and Cross-Action," including general demurrer, special exceptions, general denial, certain 'special denials' and a "cross-action" with prayer for recovery of damages on account of tort alleged to have been committed by appellee.

Pleading controverting the plea of privilege was never filed by appellee.

On appearance day (March 7, 1927) the instant case, the case referred to in the plea in abatement and a third case supposed to involve some like issues were set for trial for April 1, 1927, and were later reset for trial for April 15, 1927, and all parties were notified of that action.

April 15, 1927, appellant's "plea in abatement" was "submitted to the court" and was overruled. Subsequently on the same day appellant "presented to the court his motion to consolidate" and the same "being heard was overruled by the court,"—the order thereon being on motion of appellee later entered *nunc pro tunc*.

Thereafter on April 15, 1927, the trial judge stated that while "he would refuse to consolidate the cases * * * he would hear all the cases together" and to this procedure "no objection was made." "During the hearing" of the third case above referred to appellant testified and, amongst other things, said "that he had signed and delivered" the note sued on in the instant case and the note, which according to its terms was payable in Nolan County, was introduced in evidence. Upon conclusion of the testimony judgment was rendered in the third case referred to and thereupon "all the counsel

advised the court that they were ready to dispose of the other cases" (the instant case and the one referred to in appellant's plea in abatement, etc.). The cause referred to in appellant's plea in abatement was next given disposition. Thereupon the trial judge asked "what order shall be entered in Cause No. 2342" (i. e., the instant case); in response, counsel for appellee asked leave to amend the petition so as to eliminate Southern Surety Company as a party, stating that "the cause would then have to be continued" on appellant's cross-action. "At this time the court's attention was called to the * * * plea of privilege" by counsel for appellant with the statement that appellant "insisted on it"; "and there being no controverting affidavit filed * * * an order was entered on the docket granting the plea of privilege."

April 19, 1927, on oral motion of appellee of which counsel for appellant had been given notice on April 15, 1927, an order was entered vacating the one previously entered (sustaining the plea of privilege) and finally overruling the plea.

The order last mentioned includes a ruling to the effect that appellant had "waived his plea of privilege" by filing and presenting his pleas in abatement and for consolidation, etc. From the order of April 19, 1927, appellant perfected his appeal and the cause is now pending in the Court of Civil Appeals, Eleventh District, and that court has certified the following questions:

"First. Did the trial court, in the absence of the filing of a controverting plea, have jurisdiction to set aside on an oral motion, his former order sustaining the plea" (i. e., the plea of privilege) "and the jurisdiction to adjudge that the plea had been waived?

"Second. If so, did the appellant by his actions, as disclosed * * *, waive his plea of privilege?"

### OPINION.

The matter of abatement, account of another suit (earlier filed) pending, involved judicial inquiry about facts dehors the record (in the suit sought to be abated) as precedent to judicial action possibly terminating the suit then before the court. Appellant tendered the relevant issue of fact and law and procured judgment thereon. In doing so, he acted, *ex vi necessitate,* upon presupposition of jurisdiction to determine the issues and to end the suit. The relief thus sought is wholly alien to that sought in mere effort to change the venue which proceeds on a theory that a suit should not be ended but, contrarily, should be transferred to another

district for trial and disposition upon pleas in abatement, bar, merits, etc.

A "plea of privilege" is one of venue and of personal privilege and, per force, waivable at pleasure.

We do not hold that mere filing of a plea in abatement (of the kind shown here), even though the question as to privilege of venue be not expressly saved in the plea, amounts to a waiver; what we do hold is that if such a plea with its issues be actually submitted for determination before action on the plea to venue, there is submission to jurisdiction of the court with consequent waiver of the latter plea.

Because of presence here of voluntary invocation of jurisdiction subsequent to plea of privilege filed, a comparable situation is not to be found in any of the cases cited by appellant,—amongst others, Colson v. Holmes, 111 Texas, 502, 240 S. W., 896; Craig v. Pittman & Harrison, 234 S. W., 1112; id., 250 S. W., 667, and cases therein cited, Russell Grader Mfg. Co. v.MacMillin, 271 S. W., 124; Hickman v. Swain, 106 Texas, 431, 167 S. W., 209; and Hall v. Castleberry, 283 S. W., 583. In respect to Hall v. Castleberry, it is observed, withdrawal (by permission of the court) of the cross-action was procured directly in connection with submission of the plea of privilege and, thus, manifestly in harmony with the contention then being made.

The term at which the order sustaining the plea was entered had not expired when the order vacating the former one and overruling the plea was entered. Jurisdiction of the court to act and to make the latter adjudications was not precluded by absence of written motion to that end. Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435, and cases there cited.

What has been said makes immaterial discussion of questions about waiver, etc., as involved in filing a "cross-action" of the kind disclosed or of filing and actual presentation of the motion to consolidate.

We recommend that each of the questions certified be answered "Yes."

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.