## EVERTS v. GARLINGTON.

### SAME v. MYERS.

#### Nos. 3692, 3691.

Court of Civil Appeals of Texas. El Paso.

May 19, 1938.

Rehearing Denied June 9, 1938.

WALTHALL, Justice.

Appellant prosecutes this appeal from an order of the District Court of Winkler County, Texas, overruling his plea of privilege to be sued in Dallas County, the county of his residence.

This cause has been consolidated by this Court with the cause of C. A. Everts v. J. C. Myers, No. 3691, inasmuch as both suits involve the same pleadings and present the same points.

By appellee's amended original petition filed May 24, 1937, he sued appellant "for and on account of labor performed and well casing with crew under and by virtue of an agreement;" appellant's residence is alleged to be in Dallas County, Texas.

Appellant was served with citation on May 25, 1937. On June 1, 1937, appellant filed a plea of privilege to be sued in Dallas County. The plea is in regular form. The affidavit to the plea was defective. Appellee, on June 10, 1937, filed a controverting affidavit to the plea of privilege, first, excepting to it as "insufficient in law to require plaintiff to controvert such plea upon its merits;" second, by answer, that the venue is properly laid and properly brought in Winkler County, for the following reasons: (a) the suit is brought for the collection of money on account of labor and casing well with crew in the total sum of $665.00; (b) "that prior to and at the time of the agreement by plaintiff to perform such labor with his casing crew, defendant,

through his duly authorized representatives, and particularly through his agent and foreman, Jack Gay, represented to plaintiff that the money which would be owing to plaintiff by reason of such labor and well casing job was then in escrow and was and would be available to pay plaintiff on completion of the said well upon which the labor and casing job was done, said well being a well then being drilled for oil by defendant, in Pecos County, Texas;" (c) that plaintiff believed such representations to be true and, relying on same, performed such labor, and thereafter learned they were untrue, fraudulent and false; (d) that said Jack Gay personally acted in good faith in making such representations, but that defendant, in causing same to be made, acted with intent to defraud and did defraud plaintiff as aforesaid; (e) that such fraud was committed in Winkler County, in that such representations were made in Winkler County.

On October 25, 1937, appellant filed his first amended plea of privilege in lieu and substitution of his first plea. The amended plea is sufficient in form and substance.

Appellant, on October 25, 1937, filed a reply to plaintiff's controverting affidavit to the effect that the court was without authority or jurisdiction to enter any order other than to sustain his plea, for the reason that the plea was not controverted at the term of court to which the citation was returnable, and that the business of the court was such that same could have been heard and disposed of. Appellant also demurred to appellee's controverting affidavit on the ground of variance between the cause of action stated and the ground of venue stated, especially such of the affidavit as attempts to set up the fraud. Appellant also answered by general denial as to the allegation of fraud.

Appellee, on October 29, 1937, filed his amended controverting plea, in substance stating the same facts as in the first, but stating them more fully.

Appellee, on November 1, 1937, filed a motion to strike appellant's amended plea of privilege on the ground that the plea on file was not verified as required by law, was without legal effect as a plea and formed no basis for an amendment, and that the amended plea was not filed within five days after appearance day of the term of the court to which the citation served was returnable.

Appellant, on November 1, 1937, filed a motion to strike all pleadings filed since the joinder of issues under the plea of privilege, or else in this hearing appellee be restricted in his grounds of venue upon the facts originally pleaded in his controverting plea.

On November 1, 1937, the court, after stating in his order the pleadings in the order filed, took the matter under advisement, and on November 19, 1937, and during the same term of court, held, and so ordered, that the original plea of privilege was insufficient in law because of the defective affidavit and the amended plea filed in vacation after the adjournment of the term of court at which the plea was required by law to be filed did not cure the defect in the original plea. The court further recited in the order that the matters set forth in the controverting pleas were insufficient grounds for retaining venue and refused to hear the evidence on the facts on the controverting plea.

The court, for the reasons above stated, overruled the pleas of privilege, from which order appellant appeals.

### Opinion.

From the view we take of the record before us, we need not discuss the several propositions presented.

■■■ It is provided generally by Article 1995 of our Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except as provided in some one or more of the exceptions stated in the above article. Appellee brought his suit in Winkler County, and in his petition alleged that appellant resided in Dallas County. The statutory specifications as to the county in which a suit is to be brought are in general mere privileges granted which may be waived like other privileges, and as said by Judge Harvey, in Holt v. Farmer, Tex.Com.App., 56 S.W.2d 633, the right to be sued in the county of one's residence must be asserted by proper pleading, else the privilege is waived. We understand the plea of privilege provided by the statute is the proper pleading to file in order to secure the privilege and avoid a waiver.

To be a proper plea of privilege, by provision of the statute, Article 2007, the plea must be in writing and sworn to.

The first plea, defective by reason only of the affidavit to the plea, was amended by a proper plea, properly verified and filed.

■■ The questions then presented are whether the defendant had a right to amend

the plea by filing a plea properly verified, and whether the amended plea relates back and supersedes the original plea. We think both questions must be answered in the affirmative. Beckwith v. Powers, Tex.Civ. App., 157 S.W. 177; Miller v. Fram, Tex. Civ.App., 2 S.W.2d 1008; Cobb v. Burt & Co., Tex.Civ.App., 241 S.W. 185; Forman v. Prince, Tex.Civ.App., 97 S.W.2d 1002.

The trial court, having held that the matters pleaded in plaintiff's controverting plea were insufficient in law as ground for retaining venue in Winkler County, refused to hear evidence on the facts alleged in the controverting plea. Plaintiff not having appealed from the order so holding, the correctness of the court's ruling is not before us.

The same ruling applies to the two cases consolidated.

The case is reversed with instructions to the District Court of Winkler County to transfer the case to the District Court of Dallas County.