**MAHLER et al. v. J. R. WATKINS CO.**

No. 12439.

Court of Civil Appeals of Texas. Dallas.

Sept. 24, 1938.

Rehearing Denied Oct. 22, 1938.

James Spiller, of Panhandle, for appellants.

Crane & Crane and R. R. Conner, all of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from an interlocutory order, overruling appellants' pleas of privilege to be sued in the county of their residence. Plaintiff's petition and evidence shows that the defendant, Vernon G. Belote, resides in Hutchinson County, Texas; appellants, Simms and Mahler, in Carson County, Texas; that the defendant, Vernon G. Belote, is indebted to appellee in the sum of $886.64, and that appellants executed a written agreement involving them, jointly and severally, as sureties or guarantors of Belote's said indebtedness. Belote was a formal party to the suit, but, at the time of the hearing of appellants' pleas of privilege, had not been served with citation, nor had he otherwise made his personal appearance before the court.

 The question of venue as to Belote was not an issue on the hearing of appellants' pleas of privilege, and the appellants, Simms and Mahler, having been sued as sureties or warrantors of Belote, it is not believed that plaintiff was required to show that it had venue as to Belote to effect venue as to his sureties. The question of venue is a personal privilege, which may be waived by the party in whose favor a plea of privilege is available. So, we think venue of the suit as to Belote was not material on the issue of appellants' pleas of privilege. If venue was laid in Dallas County as to the sureties, obviously the principal obligor was a necessary and proper party to the suit, therefore, plaintiff was only required to show that the principal Belote was indebted to the plaintiff, for which the sureties had obligated themselves in writing to pay in Dallas County, Texas, to establish venue as to the sureties.

The pertinent language of the surety agreement here involved was before the El Paso Court of Civil Appeals, in the case of J. R. Watkins Co. v. Webb et al., 97 S.W.2d 284, copied therein in haec verba, in which that court held the venue of the suit was properly laid in Dallas County. We are in accord with the holding. The written agreement to pay the debt of Belote at Winona or Dallas imposes upon the sureties an obligation performable by them in Dallas, at the option of the plaintiff. The optional place of payment meets the requirement of article 1995, subd. 5, R.S.1925, Vernon's Ann.Civ. St. art. 1995, subd. 5. Pavlidis et al. v. Bishop & Babcock Sales Co., Tex.Civ.App., 41 S.W.2d 294.

We have carefully considered appellants' several assignments and find no reversible error; the judgment of the court below is affirmed.

Affirmed.