241 S.W.2d 192 (1951)
BANQUETE INDEPENDENT SCHOOL DIST.
v.
AGUA DULCE INDEPENDENT SCHOOL DIST. et al.
No. 12283.
Court of Civil Appeals of Texas, San Antonio.
May 23, 1951.
Rehearing Denied June 20, 1951.
Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.
Lyman, Pittman & Schraub, Corpus Christi, for appellees.
NORVELL, Justice.
This is an appeal from a summary judgment decreeing that a certain tract of land containing eight and three-quarters square miles is a part of the Agua Dulce Independent School District, having been legally detached from the Banquete Independent School District. Certain monies tendered into the court by interveners, Southern Minerals Corporation and others, were awarded to the Agua Dulce Independent School District.
The Banquete School District is located wholly within Nueces County. The Agua Dulce District is a county line district, the larger part of its area lies within Nueces County and a portion is situated in Jim Wells County. The Nueces County Board of School Trustees has administrative control over both school districts here involved. After a full hearing, at which the Banquete School District was represented, the Nueces County Board approved the transfer of the territory here involved from the Banquete District to the Agua Dulce District. Thereafter the Jim Wells County Board of Trustees ratified this action. No notice of hearing was given by the Jim Wells County Board and the question presented is whether or not the giving of such notice is essential to the validity of the detachment and annexation of the territory here involved.
The applicable statute is Article 2742f, § 1, Vernon's Ann.Civ.Stats., which provides that: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory * * *. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of *193 Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. * * *"
By a petition conceded to be sufficient, proceedings were instituted in June of 1949, by a majority of voters residing in the 8¾ square miles affected, having for their purpose the transfer of said territory from the Banquete District to the Agua Dulce District. This petition was properly presented to and approved by the trustees of the Agua Dulce District. Notices of hearing before the Nueces County Board were properly presented and given to the interested parties, including the trustees of the Banquete School District. After at least two hearings before the Nueces County Board, at which times the Banquete District appeared and strongly contested the annexation, the petition was approved by the County Board on May 25, 1949. Three months later counsel for the Agua Dulce District presented the matter to the County Board of School Trustees of Jim Wells County. No notice of hearing before the Jim Wells County Board was given and no opposition to the transfer was made by any interested persons, with the result that on July 13, 1949, the Jim Wells County Board also approved the petition and detachment and annexation.
We find nothing in the language of the statute above quoted which could be construed as requiring that a notice of hearing be given by the non-administrative County Board of School Trustees. The giving of such notice is not required by the provisions of the Constitution of the United States or of the State of Texas. This matter seems to have been directly passed on and decided contrary to the position taken by appellant in the case of Prosper Independent School District v. County School Trustees, Tex.Com.App., 58 S.W. 2d 5.
This holding disposes of the appeal. We think it follows that the Agua Dulce District is entitled to school taxes levied and collected upon lands and property within the disputed territory from and after its annexation. The Banquete District cannot in good conscience retain such money as may have been paid to it as and for school taxes after such time.
The judgment appealed from is in all things affirmed.