**MOORE et ux. v. JAMES et al.**

No. 12309.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 3, 1951.

Rehearing Denied Oct. 31, 1951.

Charles J. Lieck, San Antonio, Godard & Dazey, Texas City, for appellants.

Eskridge & Groce, and Chas. R. Hancock, all of San Antonio, for appellees.

POPE, Justice.

This appeal concerns a construction of Rule 86, Texas Rules of Civil Procedure, wherein it states that a plea of privilege does not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93, T.R.C.P., unless specifically alleged in the plea.

Appellants, C. H. Moore and wife, sued William N. James and C. A. Rundell, in Bexar County, and alleged that they were partners. Venue in the action against James was determined to be in Bexar County and he has not appealed, but Rundell's plea of privilege to be sued in Kerr County was sustained. Appellants relied upon their allegations of partnership in their controverting affidavit as determinative of partnership, by reason of the absence of a sworn denial of partnership in the plea of privilege. Rundell filed a sworn denial in his answer to the merits, but his plea of privilege in no way denied partnership under oath, nor did it refer to or incorporate any portion of the original answer. In this state of the pleadings, appellants alleged partnership but appellee Rundell did not deny that allegation in pleadings that were before the court at the venue hearing. Nor did the attempted amendment of the original answer correct the deficiency, for even the amended answer was not before the court on the venue hearing. Pelton v. Powell, Tex.Civ.App., 196 S.W.2d 46; Jones v. Ford, Tex.Civ. App., 118 S.W.2d 333.

An amendment to a plaintiff's pleading or a defendant's answer does not result in an amendment to a controverting affidavit or plea of privilege unless the amendment is incorporated into the controverting affidavit or plea of privilege. Rule 84, T.R.C.P., as amended in 1949, permits various pleas to be heard in such order as the court may direct, and thereby substantially changed the former practice requiring due order of pleading. That rule, however, made an express exception in the case of the plea of privilege. If, therefore, appellee be correct in the contention that he denied partnership under oath in his answer though not in the plea of privilege, and that the answer places partnership in issue in the venue hearing, appellee invoked the judicial power of the court under his answer rather than his plea of privilege, and this amounted to a waiver of the plea. O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791; Martin v. Kieschnick, Tex.Com.App., 231 S.W. 330, 331.

Under Rule 93, partnership is placed in issue only by a sworn denial, and under Rule 86 a plea of privilege "shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea." These rules are not ambiguous, and when a rule is clear, construction is superfluous. Appellants' allegation of partnership was not an issue in the case, and it becomes unnecessary for us to determine whether they successfully proved it. Watson v. Texas State Bank, Tex.Civ.App., 222 S.W.2d 341; Home Ins. Co. v. Barbee, Tex.Civ.App., 166 S.W.2d 370; 1 McDonald, Texas Civil Practice, p. 437.

The order sustaining Rundell's plea of privilege to be sued in Kerr County is reversed and judgment is here rendered overruling the plea of privilege.