GUINN et al. v. COUNTY SCHOOL TRUSTEES OF HAYS COUNTY et al.

No. 10162.

Court of Civil Appeals of Texas.

Austin.

Oct. 21, 1953.

Rehearing Denied Nov. 11, 1953.

1. Vol. 31-A, Tex.Jur. p. 43.

Sidney P. Chandler, Austin, for appellant.

W. T. Barber, San Marcos, for appellee County School Trustees of Hays County, Texas.

Ernest Morgan, San Marcos, for appellee Dripping Springs Independent School Dist.

GRAY, Justice.

This is an appeal from an order sustaining the pleas of privilege of appellees, the county school trustees of Hays County, later referred to as the County Trustees, and Dripping Springs Independent School District, later referred to as Dripping Springs.

Appellants filed their suit in the district court of Travis County and by their first amended original petition sued the above named appellees and the Oak Hill Common School District No. 45 of Travis County, later referred to as Oak Hill. Appellants alleged that Dripping Springs is a county line school district located partly in Travis County and partly in Hays County; that the County Trustees constituted the governing body for school matters in Hays County; that Oak Hill lies entirely within Travis County; that a majority of the qualified voters residing within an area of approximately 8,000 acres of land located in Travis County had signed a petition to have that area detached from Dripping Springs and attached to Oak Hill; that the said petition was presented to the trustees of Oak Hill and that said board duly accepted said lands; that thereafter the said petition was presented to the county school trustees of Travis County and that, after notice and hearing, that body entered its order de-

taching said lands from Dripping Springs and attaching the same to Oak Hill; that thereafter the said petition was presented to the County Trustees who refused to approve the transfer of said lands which refusal was arbitrary and was contrary to the best interests of the children of school age residing within said area.

The relief sought was a judgment setting aside the order of the County Trustees and detaching the lands from Dripping Springs and attaching the same to Oak Hill.

Appellants' original petition was filed December 13, 1952, and their first amended original petition was filed February 10, 1953. Oak Hill was not named as a party defendant in appellants' original petition but was made such party by the amended petition.

On January 30, 1953, Dripping Springs answered by filing its plea in abatement, and on the same day filed its plea of privilege the beginning paragraph of which reads:

"Now comes Dripping Springs Independent School District, a body corporate, named defendant in the above entitled and numbered cause, having been heretofore served with notice to appear herein, and subject to its plea in abatement which it has previously filed herein, and which it does not waive but still insists upon, and files this, its plea of privilege, showing the Court as grounds therefor the following".

On February 5, 1953, Dripping Springs filed its amended plea of privilege the beginning paragraph of which reads:

"Now comes Dripping Springs Independent School District, a body corporate, named defendant in the above entitled and numbered cause, having been heretofore served with notice to appear herein, and, subject to its plea in abatement which it has previously filed herein, and which it does not waive, but still insists upon, and files this, its amended plea of privilege, showing the Court as grounds therefor the following".

On March 4, 1953, the County Trustees filed an amended plea of privilege. (The original plea of privilege is not shown in the record before us.) The amended plea of privilege contains separate paragraphs alleging that Dripping Springs and Oak Hill are not proper or necessary parties, no cause of action or claim of any kind is alleged against either, and that they are made parties defendant "in an attempt to obtain and sustain venue in Travis County."

The respective pleas of privilege were controverted and set down for hearing. On March 28, 1953, the trial court entered its order overruling the plea in abatement of Dripping Springs, and on the same day entered an order sustaining the respective pleas of privilege and transferring the cause to Hays County.

Oak Hill filed an answer but the record does not show that it participated in either of the hearings, supra.

The record does not show which of the hearings, supra, was first had in point of time. However, since Dripping Springs' plea of privilege was sustained and the cause of action transferred to Hays County we must assume its plea in abatement was first heard. To assume otherwise would be to assume the trial court did not know the extent of its jurisdiction and entered an order overruling the plea in abatement in a cause not then pending before it.

■ Neither the pleading filed nor the order entered relative to the plea in abatement was introduced in evidence at the hearing on the pleas of privilege. However, the same were within the judicial knowledge of the court and it was not necessary to plead or prove them. Aetna Ins. Co. v. Dancer, Tex.Comm.App., 215 S.W. 962.

Rule 84, Texas Rules of Civil Procedure, provides that a defendant may plead as many several matters of law or of fact as he may deem necessary to his defense, and which may be pertinent to the cause, "and

such pleas shall be heard in such order as may be directed by the court, plea of privilege and the practice thereunder being excepted herefrom."

Here we do not have a question of due order of pleadings but the question before us is: Does the record show that Dripping Springs waived its plea of privilege?

The judgment overruling the plea in abatement recites:

"On the 4th day of March, 1953, in the above entitled and numbered cause, the date set for consideration thereof as made by order of this the court on request of the defendant Dripping Springs Independent School District, came on to be heard the plea in abatement filed herein on the 30th day of January, 1953, by the defendant, Dripping Springs Independent School District, and all parties interested having been notified of the time and place of such hearing, came Dripping Springs Ind. School District and announced ready for trial on such plea in abatement, and the Court having heard such plea in abatement and argument of counsel and having given same due consideration, is of the opinion * * *."

The judgment was "Signed and ordered" March 28, 1953.

█ In any event the record before us admits only the conclusion that Dripping Springs, without first urging its plea of privilege, invoked the jurisdiction of the court to hear its plea in abatement, appeared and participated in such hearing and thereby waived its plea of privilege. O'Neal v. Texas Bank & Trust Co., 118 Tex. 133, 11 S.W.2d 791; Fairbanks v. McAllen, Tex. Civ.App., 170 S.W.2d 581, error ref; Hearn v. Frazier, Tex.Civ.App., 228 S.W.2d 582, error dism.

At the hearing of the pleas of privilege appellants introduced in evidence their first amended original petition, their controverting affidavit, and rested. Thereupon appellees rested and the evidence was closed.

█ It is well established that when the venue of a cause is challenged by the filing of a plea of privilege in proper form the burden then rests on the plaintiff to both plead and prove that the cause of action alleged comes within one or more of the exceptions contained in the venue statute. Art. 1995. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677. It is also well established that such proof is not made by the introduction in evidence of the pleadings. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The plea of privilege of the County Trustees was properly sustained.

█ The fact that Dripping Springs waived its plea of privilege could not be resorted to by appellants as sufficient grounds for retaining venue in Travis County as to the County Trustees thereby relieving them of the burden of proof cast upon them by the filing of the plea.

Appellants urge a point that the County Trustees "by pleading asserting that Dripping Springs Independent School District and Oak Hill Common School District No. 45 of Travis County, State of Texas, are improperly made parties to this suit and by taking part in submitting such question to the trial court prior to submitting its plea of privilege to that court, waived its plea of privilege."

We find nothing in the record before us showing that the County Trustees took part in the submission of any question other than their plea of privilege to the court.

█ We think the pleading that Dripping Springs and Oak Hill were improperly joined as parties defendant "in an attempt to obtain and sustain venue in Travis County" presented matters to be properly considered in aid of the plea of privilege. Brown v. Neyland, Tex.Civ.App., 62 S.W. 2d 227.

Having reached the conclusions supra, we are now concerned with making the proper disposition of this cause under Rule 89, Texas Rules of Civil Procedure.

We think the cause is not properly severable as to Dripping Springs. Appellants do not plead that Dripping Springs is guilty of any wrongdoing, that it is given, by law, any discretion in the matter of consenting to, or refusing the transfer of the territory involved, nor do they pray for any affirmative relief as against Dripping Springs. It therefore appears that any relief as against Dripping Springs accorded appellants is wholly dependent on the judgment obtained against the County Trustees, and not jointly with them.

This later conclusion would present a question of some difficulty except for the fact that Art. 2742f, Vernon's Ann.Civ.St., provides the procedure to be taken in the proceeding alleged by appellants. Prosper Independent School District v. County School Trustees, Tex.Com.App., 58 S.W.2d 5; Banquete Independent School Dist. v. Aqua Dulce Independent School Dist., Tex. Civ.App., 241 S.W.2d 192, error ref.

In view of our holding that the County Trustees' plea of privilege was properly sustained, it appears to us that the cause in its entirety was properly transferred to Hays County. Otherwise a trial by piecemeal would be required. As to Dripping Springs there are no rights to be judicially determined in a sense that it is a party to the cause. Authorities cited supra. Further there is neither allegations nor proof of a cause of action against Dripping Springs and a trial by piecemeal appears to be contrary to the wishes of all parties as expressed in their respective pleadings. Appellants' pleadings as to Dripping Springs do no more than give to it the right to appear at the trial and consent, or object, to the transfer of territory.

As to Oak Hill it is alleged in appellants' pleadings, and also in its answer, that it has accepted the transfer of territory. For which reason there is no issue to be tried as to it.

The judgment of the trial court transferring the cause to Hays County is affirmed.

Affirmed.