Israel ROSENFIELD et al., Appellants,

v.

Sam D. CHILDS, Appellee.

No. 6986.

Court of Civil Appeals of Texas.

Texarkana.

July 4, 1957.

Rehearing Denied Aug. 1, 1957.

Goldberg & Alexander, Arthur S. Goldberg, Dallas, for appellants.

Turner & Bankhead, Carthage, for appellee.

CHADICK, Chief Justice.

This is a plea of privilege case. Judgment of the trial court is affirmed.

Sam D. Childs, alleging himself to be a trucking and hauling sub-contractor, sued Cliff Birmingham and John Hull as partners, and residents of Panola County, jointly with Israel Rosenfield and Lou Miller, and others not necessary to mention, for $3,133.76 for certain hauling in connection with the removal of a 57-mile pipe line

gathering system in the Longview-Gladewater-Kilgore area of East Texas. Rosenfield and Miller timely filed their plea of privilege alleging their residence to be Dallas County at the time of suit. By timely controverting affidavit Childs asserted venue to lie in Panola County by virtue of the provisions of Article 1995, Sec. 4, and Sec. 29a, V.A.T.C.S. On the issues thus joined, a hearing was had before the court resulting in a judgment overruling the plea, and Rosenfield and Miller have appealed.

Appellants Rosenfield and Miller limit the question for review in this court in this wise:

"The sole question presented to the Court in this brief is whether or not a party to a lawsuit in which a plea of privilege and a controverting plea were filed, and a hearing had may, pending the decision of the Court, maintain the same cause of action in another Court."

The plea of privilege hearing was held on March 1, 1957, and in that proceeding the only reference made to the pendency of another suit between these parties which might involve the same issues as those in this case arose while Childs was testifying as a witness and being cross-examined by appellants' counsel, the statement of facts shows this only:

"Q. Are you the same person who is an intervenor in Cause Number 25478-B styled John Hull et al. vs. Israel Rosenfield et al., are you the same Sam Childs mentioned in that suit?

A. Well, I am Sam Childs."
Later in the hearing an instrument was offered in this manner:

"Mr. Goldberg: May it please the court, in order to test the veracity of the witness, I believe that we're entitled to introduce such evidence as might be proper and I have in my hand a petition in intervention which I would like to introduce *for the purpose of showing this witness has not defi-*

*nitely stated his dates* and that he is not telling the truth concerning the time of these differences and *for that purpose I would like to introduce his plea in intervention."* (Emphasis added.)

Objection was sustained and the instrument excluded and appellants' exception noted. No bill of exception to the court's ruling was made embodying the instrument offered nor are the contents of the instrument shown otherwise in the record before this court.

From the quoted statement of counsel it appears that appellants tendered an instrument he denominated a petition of intervention. From the brief herein and oral argument on submission, this court's attention is directed to the transcript in Cause No. 6981, styled Rosenfield v. Hull, pending in this court (opinion ordering dismissal of such appeal handed down June 20, 1957, Tex.Civ.App., 304 S.W.2d 571) to show that there was at the time of the hearing an action between parties bearing the same name and embracing similar issues pending in the District Court of Gregg County.

The physical aspect of appellants' pleadings are that the first four paragraphs numbered I, II, III and IV contain the statement of the plea of privilege. Then, subject to the plea of privilege, appellants set up what they referred to in their brief as a plea of res judicata in a new paragraph I. Following this, is a new series of Roman numeral paragraphs I to III pleading to the merits of the plaintiff's action.

 The paragraph purporting to plead res judicata actually constitutes a plea of pendency of a prior suit. On its face it is insufficient to plead res judicata because, to quote from the pleading concerning the Gregg County suit, it says: " * * * that at this time, the said Court has the question of venue under consideration and that the plaintiff's intervention in said suit has not been discontinued, tried or determined and to this, these defendants are ready to veri-

fy." An essential element of a res judicata plea is that a question of fact or of law has been distinctly put in issue and directly determined by a court of competent jurisdiction; see State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831, and Stephenson v. Miller-Link Lbr. Co., Tex.Com.App., 277 S.W. 1039. Though failing as a plea of res judicata, it is sufficient as a plea in abatement because among other things it alleges the pendency of a prior suit. So considering it, however, affords the appellants no relief.

■ The proof which is set out above is not sufficient or of the nature and character necessary to sustain the plea. There is nothing in Childs' pleading to prove the existence, referring to, or otherwise showing the pendency of the Gregg County suit, so appellants are under the burden of proving the allegations of their plea. In discussing the proof necessary to support a plea in abatement, 1 Tex.Jur., p. 122, Sec. 88, cites cases in support of the text which says:

> 'Proof in Support of Plea. A sworn plea is not prima facie evidence of the facts alleged; other evidence of the pendency of the prior suit is required unless the fact is shown by the plaintiff's pleadings. Thus there should be a satisfactory showing that the causes of action and the parties are the same, of the prior institution of the other suit and of its pendency. The record in the former suit is ordinarily the proper evidence by which to try the truth of the plea."

■ The evidence offered does not show the causes of action and the parties are the same nor the prior institution of a suit in Gregg County and its pendency. The proof failing in this respect disposes of this appeal upon the grounds urged for a reversal by the appellants.

■ Appellants having failed to properly preserve and bring forward their complaint regarding the exclusion of the so-called plea in intervention, by bringing forward the contents of the instrument excluded, there is nothing for this court to consider; see 3 Tex.Jur., 566, Sec. 398.

The plea in abatement, as related above, is made subject to the trial court's action on the plea of privilege, and it is open to question whether the issues raised by that pleading were before the trial court at the hearing or this court now, but that, like the matter of waiver next discussed, and for the same reason, is not the basis of decision here.

There is a grave doubt whether the plea in abatement might be urged without waiving the plea of privilege under the holding of the Commission of Appeals in O'Neal v. Texas Bank & Trust Co., 118 Tex. 133, 11 S.W.2d 791, 792, but since the evidence does not raise this issue, the disposition of the case is not controlled by that holding. In that case it was said:

> "We do not hold that mere filing of a plea in abatement (of the kind shown here), even though the question as to privilege of venue be not expressly saved in the plea amounts to a waiver; what we do hold is that, if such a plea with its issues be actually submitted for determination before action on the plea to venue, there is submission to jurisdiction of the court with consequent waiver of the latter plea."

Counsel for appellee and appellants alike filed cogent and persuasive briefs which were of tremendous help to the court. Consideration of the whole record without finding reversible error convinces the court of the correctness of the disposition indicated. It is, therefore, ordered that the judgment of the trial court be affirmed.