**MOONEY AIRCRAFT, INC., Appellant,**

v.

**Mrs. George Barton ADAMS et al., Appellees.**

No. 16360.

*Court of Civil Appeals of Texas.*

Dallas.

March 20, 1964.

Hal Rachal, Midland, for appellant.

Woodruff, Hill, Bader & Kendall and Wm. Andress, Jr., Dallas, for appellees.

WILLIAMS, Justice.

The sole point presented by this appeal involves the propriety of the action of the trial court in sustaining motion for summary judgment directed against appellant's plea of privilege.

On February 13, 1963, Frank H. Abel and George Barton Adams were killed in the crash of an aircraft which had been manufactured by appellant, Mooney Aircraft, Inc. Mrs. George Barton Adams, on her own behalf and on behalf of those other persons entitled to recover for the death of George Barton Adams, under the wrongful death statutes of the State of Texas, filed suit in the 116th District Court of Dallas County, Texas against appellant, appellee Mrs. Mary Frances Abel, Independent Executrix of the Estate of Frank Abel, Deceased, and others, said cause being numbered 77505–F. Mary Frances Abel filed a separate and distinct suit, both individually and as independent executrix of the estate of Frank H. Abel, deceased, against appellant, and others, seeking recovery for his death, said suit being filed in the 134th Judicial District Court and being numbered 78010–G. Thereafter, in each of the suits, appellant filed a plea of privilege, in statutory form, seeking to remove said causes to the District Court of Kerr County, Texas. In each of said cases a controverting affidavit was filed opposing the plea of privilege. Prior to a hearing on either of the pleas of privilege, appellant filed a motion in Cause No. 78,010–G, in the 134th District Court, to consolidate the two cases. This motion was granted and the court entered an order consolidating the two named cases into Cause No. 77,505–F/E, in the 101st District Court of Dallas County, Texas. Thereafter, appellee Mrs. George Barton Adams filed her motion for summary judgment on the plea of privilege, asserting as grounds for the motion: (a) that appellant,

by filing its motion to consolidate, had invoked the affirmative jurisdiction of the court and had waived its plea of privilege, and (b) that under the affidavits, answers to interrogatories, and pleadings, appellee had established a cause of action against the estate of Frank H. Abel, deceased, who was a resident of Dallas County, and which estate was pending in Dallas County; and therefore, under Subdivision 4 of Art. 1995, Vernon's Ann.Civ.St., venue was properly maintainable in Dallas County against appellant. Upon hearing of said motion the District Court sustained same and entered an order overruling the plea of privilege of appellant.

■ Appellant's only point on appeal is: "The trial court erred in sustaining appellee's motion for summary judgment on appellant's plea of privilege." Both appellees contend that this point does not comply with the requirements of Rule 418 Texas Rules of Civil Procedure, in that it is too general and does not direct the attention of the court to the error relied upon. We agree with the appellees in this regard. Appellant's brief, following its point, is likewise extremely general in nature. While we agree that there is great virtue in brevity, yet it is likewise true that brevity, when spread too thin, approximates obscurity. We have had occasion to discuss the sufficiency of similar points in other cases. In each of them we have held that such a general point does not meet the requirements of the briefing rules. White v. Great American Reserve Ins. Co., Tex.Civ.App., 342 S. W.2d 793; Little v. Employees Security Life Ins. Co., Tex.Civ.App., 343 S.W.2d 517; and Covington v. City of Denison, Tex.Civ.App., 369 S.W.2d 824. However, in an effort to give liberal construction to the rules we will, when possible, discuss the grounds as we understand them upon which appellant apparently relies to support his appeal, as disclosed in the statement and arguments accompanying his point. Wyche v. Noah, Tex.Civ.App., 288 S.W.2d 866; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478. Following this policy, we have carefully examined appellant's brief and find that there is no statement following its point on appeal but under "Argument" we find a number of cases cited and relating to several propositions of law. Not without difficulty we have been able to ascertain, with reasonable certainty, that it intends to present two points to challenge the trial court's judgment: (1) that its motion to consolidate the two causes, together with the court's action thereon did not constitute a waiver of its pleas of privilege; and (2) that the affidavits attached to the motion were insufficient, as a matter of law, to comply with the provisions of Rule 166–A (e) T.R.C.P.

■ The primary question is that of waiver *vel non* of appellant's plea of privilege. After careful consideration of the factual situation presented by this record we have concluded that appellant, by his own action in invoking the general jurisdiction of the court by its motion to consolidate the two causes, has effectively waived its plea of privilege.

■ It has long been the law of Texas that any party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. The matter of venue is a personal privilege which may be waived. 43–B Tex.Jur., Sec. 113, Pages 301–303; McDonald, Texas Civil Practice, Vol. 1, Sec. 4.40, Pages 426–432; Clark, Venue in Civil Actions, Sec. 6, Pages 6–9; Masterson v. Cundiff, 58 Tex. 472; O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791; Everts v. Garlington, Tex.Civ.App., 117 S.W.2d 820; Mahler v. J. R. Watkins Co., Tex.Civ.App., 120 S.W.2d 459; Texas & Pacific Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652.

■ The accomplishment of a waiver of venue privilege may be either express or implied. An express waiver is shown by clear, overt acts evidencing an intent to waive. The determination of an implied waiver presents more problems than that of an express waiver. An implied waiver

occurs when a party, often inadvertently, takes some action inconsistent with his position upon the venue issue and therefore is held to have waived his rights thereon. McDonald, Texas Civil Practice, Vol. 1, Sec. 4.40, Pages 426–427. It has been conclusively established that the inconsistent action resulting in waiver is one which invokes the general jurisdiction of the court without reservation of rights asserted by the filing of the plea of privilege. Thus our courts have said that when the party seeking a change of venue does not first secure a ruling on the plea of privilege its benefits may be waived by submitting, for determination by the court, a plea in abatement; O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791; Texas & Pacific Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652; Guinn v. County School Trustees of Hays County, Tex.Civ. App., 261 S.W.2d 913; by pleading to a cross action in which affirmative relief is sought; Douglas v. Baker, 79 Tex. 499, 15 S.W. 801; Atwell v. Talk, Tex.Civ.App., 202 S.W.2d 314; by asking for and obtaining a continuance; Sack v. Toplitz, Tex. Civ.App., 165 S.W.2d 756; by invoking rule for cost; Barrett v. Cheatham, Tex.Civ. App., 281 S.W.2d 761; and by invoking the judgment of the court on any action not incident to or pertaining to the plea of privilege and otherwise submitting to the jurisdiction of the court. Citizens State Bank v. First Nat. Bank, Tex.Civ.App., 293 S.W. 913; Burka Bagging Co. v. State, Tex.Civ. App., 131 S.W.2d 1111; Fairbanks v. McAllen, Tex.Civ.App., 170 S.W.2d 581; and Smith v. Strauch, Tex.Civ.App., 96 S.W.2d 554. See also 43–B Tex.Jur., Par. 113, Pages 301–303 and McDonald, Texas Civil Practice, Vol. 1, Sec. 4.40, Pages 429–431.

While we have been cited no Texas case, nor have we been able to discover any as a result of our research, holding directly that a motion to consolidate amounts to an implied waiver of a plea of privilege, we think the opinion of the Commission of Appeals in O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791 is determinative of this question. In that case two suits were pending and pleas of privilege had been filed. Prior to hearing the pleas of privilege a plea in abatement had been filed asking the court to abate the one suit pending hearing another, and subject thereto, a motion to consolidate was filed, asking that both cases be consolidated and tried together. The question presented to the Commission of Appeals was whether these actions amounted to a waiver of the pending pleas of privilege. Judge Nickels, speaking for the court, held that the filing of the plea in abatement constituted a waiver of the plea of privilege, using the following language:

"The matter of abatement on account of another suit (earlier filed) pending involved judicial inquiry about facts dehors the record (in the suit sought to be abated) as precedent to judicial action possibly terminating the suit then before the court. Appellant tendered the relevant issue of fact and law and procured judgment thereon. In doing so, he acted, ex vi necessitate, upon presupposition of jurisdiction to determine the issues and to end the suit. The relief thus sought is wholly alien to that sought in mere effort to change the venue which proceeds on a theory that a suit should not be ended, but, contrarily, should be transferred to another district for trial and disposition upon pleas in abatement, bar, merits, etc.

"[1] A 'plea of privilege' is one of venue and of personal privilege, and, per force, waivable at pleasure.

"[2] We do not hold that mere filing of a plea in abatement (of the kind shown here), even though the question as to privilege of venue be not expressly saved in the plea amounts to a waiver; what we do hold is that, if such a plea with its issues be actually submitted for determination before action on the plea to venue, there is submission

to jurisdiction of the court with consequent waiver of the latter plea."

Judge Nickels concluded the opinion by stating that since they had held the plea in abatement to constitute a waiver that it was not necessary to pass upon the question of motion to consolidate. We think the reasoning of the court in this case, relating to a plea in abatement, bears equal weight on the question of motion to consolidate. In each instance the general jurisdiction of the court is invoked on matters other than the venue question.

The question presented by motion to consolidate two cases is much broader than that of venue. Rule 174 T.R.C.P. provides that when actions involving a common question of law or fact are pending before the court that the court may order a joint hearing or trial of any or all of the matters in issue in the actions; that the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. To answer the questions presented on a motion to consolidate the trial court must, of necessity, consider all questions of law and fact to arrive at a conclusion as to whether a consolidation would be in the best interest of justice in that particular case. The decision necessarily involves areas outside the question of venue. The rule bestows upon a trial judge broad discretionary powers in the matter of consolidation of causes. The granting or denial of a motion to consolidate two causes invokes the judicial power of the court. It is not a mere ministerial act. The broad judicial discretion vested in a trial judge to determine that a motion to consolidate should be denied or granted will not be disturbed on appeal except for abuse of discretion. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588; Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438; Montgomery v. Willbanks, Tex.Civ.App., 202 S.W.2d 851.

The motion of appellant to consolidate the two causes [1] is general in nature and does not restrict the court's consideration to consolidation for venue purposes only. It is a general motion invoking all the rights and powers of the court on all questions of law and all questions of fact. No effort was made by appellant to limit the consideration of the court in considering this motion to venue questions nor to reserve its rights to have the venue questions heard in advance of a hearing on the merits.

By its action in granting appellant's motion to consolidate the two causes the trial

MOTION TO CONSOLIDATE

TO SAID HONORABLE COURT:

Mooney Aircraft Inc., Defendant in the above entitled and numbered Cause makes motion to consolidate this Cause with Cause No. 77505-F which is now pending in the 116th Judicial District Court of Dallas County, Texas for the following reasons:

1. Both actions arose out of the same incident.
2. Both actions are against the same Defendants.
3. Both actions involve the same fact questions and same law questions.

Premises considered, this Defendant prays that this Cause be consolidated with Cause No. 77505-F which is now pending in the 116th Judicial Court of Dallas County, Texas.

court must be said to have considered all of the issues to reach a determination that it would be in the ends of justice to put the two cases together for trial. Having thus invoked the general jurisdiction of the court on matters dehors the venue issues appellant effectively waived his venue rights.

What we have said renders immaterial the other question pertaining to the sufficiency of appellees' affidavits. Even so, and in the event it should be held we are in error in our conclusions announced herein, we have carefully considered the entire record before the trial court and find that, even aside from the affidavits complained of by appellant as being insufficient to comply with Rule 166–A(e) T.R.C.P., there is sufficient evidence in the form of the uncontroverted pleadings, requests for admissions and answers thereto, which clearly establish the applicability of Subsection 4, Art. 1995 V.A.C.S., and such being true the trial court correctly sustained the motion for summary judgment as to venue. Rule 166–A T.R.C.P.; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Appellant's point is, in all things overruled.

Affirmed.