**WESTERN GILLETTE, INC., Appellant,**

v.

**David MALONE et al., Appellees.**

No. 16822.

Court of Civil Appeals of Texas.

Fort Worth.

April 14, 1967.

Rehearing Denied May 19, 1967.

Hill, Paddock & Street, John G. Street, Jr., and Clifford F. McMaster, Fort Worth, for appellant.

Crouch & Pringle, and H. G. Wells, and John Whiteside, Fort Worth, for appellees.

OPINION

LANGDON, Justice.

This is an appeal from an order overruling appellant's plea of privilege to be sued in Dallas County, Texas. There was no evidence of any fact giving rise to an exception to Article 1995, Vernon's Ann.Civ. St. of Texas adduced at the hearing. The trial court held that Western Gillette, Inc., had, as a matter of law, waived its plea of privilege. We affirm.

On May 17, 1966, a collision occurred in Tarrant County, Texas involving an automobile owned by appellant and driven by Ray L. Hamilton and a vehicle occupied by appellees (or persons through whom appellees claim).

On June 21, 1966, appellees filed suit against appellant and Ray L. Hamilton in Cause No. 44,876–C, in the 17th District Court of Tarrant County, Texas. On that same date the appellant and Ray L. Hamilton filed suit against appellees in Cause No. 44,892–C in the 48th District Court of Tarrant County, Texas. Both suits sought recovery of damages sustained in the collision of May 17, 1966.

Appellant filed its plea of privilege in appellees' suit (Cause No. 44,876–C) against it in due order of pleading and filed an answer subject to such plea. The appellees thereafter filed an amended petition and a controverting plea. Meanwhile, two appellees, Benny J. Butler and wife, Luetha Butler, filed an answer and a counter-claim against appellant and Hamilton in Cause No. 44,892–C, the suit filed by appellant and Hamilton against appellees. The appellees, David Malone and Lloyd Richardson, filed a plea in abatement to appellant's suit. They contended that since the suit of appellees (No. 44,876–C) was filed first and involved the same principal parties, arose out of the same transaction and involved the same questions of law and fact as appellant's suit that the latter suit should be abated.

Appellant and Hamilton in the suit against appellees thereafter filed a supplemental petition in reply to the counterclaim of Benny J. Butler and wife, Luetha Butler. Then subject to its plea of privilege appellant filed an answer to the plea in abatement and a motion to consolidate the appellees' suit against them with its suit. In the motion to consolidate appellant pointed out that the two cases involved the same accident and parties and suggested it would be right and proper for the court in its order of consolidation to order appellees to replead in the cause by way of counter-claim. The motion to consolidate with appellant's case was on the basis that citations were first served in appellant's cause. It is undisputed that appellees' cause was filed first.

On September 9, 1966 an order was entered in both suits consolidating them into appellant's suit but making no requirement that appellees replead by way of counter-claim. The order of consolidation specifically recited that same was entered without prejudice to appellant's plea of privilege.

The appellees then filed a second amended petition and controverting plea to appellant's plea of privilege. The controverting plea alleged venue to be in Tarrant County, Texas under exceptions 9a, 23 and 4 to Art. 1995, V.A.C.S. Texas, and further alleged that appellant by filing its suit against appellees in Tarrant County, Texas had waived its plea of privilege.

David Malone made a request for admissions addressed to appellant and Hamilton. Both, subject to the plea of privilege, moved the court to quash the request for admissions. Hamilton and appellant then answered such request for admissions as were not quashed.

Benny J. Butler and wife, Luetha Butler, filed a motion for summary judgment as to appellant's plea of privilege.

The appellant's plea of privilege was heard and overruled on the grounds that appellant had waived same by: (1) filing its suit against appellees in Tarrant County, Texas, and (2) by filing its motion in Cause No. 44,892–C to consolidate the two cases.

It is the position of appellant that it has not waived its right to be a defendant in Dallas County as distinguished from being a cross-defendant in Tarrant County where it sought the status of plaintiff with the attendant advantages.

In the case of Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Dallas Civ.App., 1964, no writ hist.), the court in considering an appeal involving virtually the same questions as here stated: "The primary question is that of waiver vel non of appellant's plea of privilege. After careful consideration of the factual situation

presented by this record we have concluded that appellant, by his own action in invoking the general jurisdiction of the court by its motion to consolidate the two causes, has effectively waived its plea of privilege." The court cited and relied upon the holding in O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791 (1929), adopted by the Supreme Court, in which it was stated: "A 'plea of privilege' is one of venue and of personal privilege, and, per force, waivable at pleasure. We do not hold that mere filing of a plea in abatement (of the kind shown here), even though the question as to privilege of venue be not expressly saved in the plea amounts to a waiver; what we do hold is that, if such a plea with its issues be actually submitted for determination before action on the plea to venue, there is submission to jurisdiction of the court with consequent waiver of the latter plea."

It was further said in Mooney Aircraft, Inc. v. Adams, supra, that: "Thus our courts have said that when the party seeking a change of venue does not first secure a ruling on the plea of privilege its benefits may be waived by submitting, for determination by the court, a plea in abatement; * * * (citing authorities)." Referring again to the holding in the O'Neal case, supra, the court stated, "We think the reasoning of the court in this case (the O'Neal case, supra), relating to a plea in abatement, bears equal weight on the question of motion to consolidate. In each instance the general jurisdiction of the court is invoked on matters other than the venue question." See 59 Tex.Jur.2d 609, § 158, and McDonald Texas Civil Practice, 1965 Revision, Vol. 1. § 4.40, pages 566–574 and authorities cited under each.

In Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949 (1948), the Supreme Court held that, "When the plaintiff instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action. Bailey v. Federal Supply Co., Tex.Com.App., 287 S.W. 1090; Mumme v. Spies, Tex.Civ.App., 15 S.W.2d 137." The opinion continued, "* * * after the cross-action has been filed it is too late for the plaintiff to dismiss the original suit and object to having the issues of the cross-action determined in the forum of the original suit, rather than in the forum of the residence of the defendant in the cross-action." (Authorities cited.)

The points of error urged by the appellant are in all things overruled.

The order of the trial court is affirmed.

Affirmed.