**EMPIRE LIFE INSURANCE COMPANY OF AMERICA et al., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12029.**

Court of Civil Appeals of Texas, Austin.

March 7, 1973.

Rehearing Denied March 28, 1973.

John Gano, Jamail & Gano, Houston, Edward T. McFarland, Lufkin, for appellant.

John L. Hill, Atty. Gen., John H. Banks, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Empire Life Insurance Company of America, Credit Factoring, Inc., James C. (Jimmy) Day, the Day Trust, and James Wohlenhaus, who were defendants below, bring this appeal from action of the district court of Travis County overruling appellants' pleas of privilege to be sued in their respective counties of residence.

The judgment and order of the trial court overruling such pleas of privilege will be affirmed.

This cause encompasses two suits originally filed separately by the State and later consolidated by the trial court.

Both petitions, each in the nature of *quo warranto,* were verified.

In the first suit, filed in district court of Travis County in April of 1972, the State sought to enjoin Credit Factoring, Inc., and its officers and representatives from further operation and to revoke the corporate charter. The State alleged as a basis for its suit certain transactions between the corporation and other entities and persons, including James C. (Jimmy) Day, president of the company, and the Day Trust. The docket number of this cause in district court was 196,856.

In the second suit, filed in district court of Travis County in June of 1972, the State named as parties defendant Empire Life Insurance Company of America, Credit Factoring, Inc., Shearn Moody, Jr., W. L. Moody and Company, Bankers, Unincorporated, James C. (Jimmy) Day, the Day Trust, and James Wohlenhaus. By this suit the State sought to enjoin all defendants from conducting insurance or other business of Empire State and Credit Factoring and to revoke "all charters, franchises, permits and certificates" issued by the State to the insurance company and the corporation. The docket number of this cause in district court was 198,374.

The district court, in an order entered October 11, 1972, consolidated the first case (No. 196,856) with the second suit under docket number 198,374.

We considered another interlocutory appeal in this lawsuit, and affirmed in part the action of the district court in issuing a mandatory injunction against certain of the defendants, in an opinion dated December 6, 1972. (Day v. State, Tex.Civ.App., 489 S.W.2d 368; writ applied for February 26, 1973, Supreme Court docket No. B–3866).

Appellants, under twenty points of error in this appeal, take the position, stated briefly, that the State's affidavits controverting the pleas of privilege were legally insufficient because made by attorneys for the State and by the Commissioner of Insurance who were without personal knowledge of the facts, but who relied upon audits and records not made by them personally.

The State's second suit (No. 198,374) was filed June 23, 1972. Thereafter, on July 17, Empire Life Insurance Company, Shearn Moody, Jr., and Moody and Company filed their original answer, in which Moody, individually, and Moody bankers excepted to authority of the Attorney General to prosecute the action against them for want of statutory or other authority, and all defendants, including Empire Life, joined in a general denial.

Empire Life Insurance Company filed its plea of privilege to be sued in Dallas County on July 24, 1972, seven days following the filing of its original answer. By filing its answer prior to the plea of privilege, Empire Life Insurance waived its plea of privilege. Pleas of privilege must be filed in due order of pleading and when not so filed the plea is waived. Westbrook v. Bradford, 429 S.W.2d 638, 639 (Tex.Civ.App. Austin 1968, no writ); Ware v. Texboro Cabinet Corporation, 350 S.W.2d 47, 49 (Tex.Civ.App. Texarkana 1961, writ dsmd.); Rules 84, 85, Texas Rules of Civil Procedure.

The State's first suit (No. 196,856) was filed April 14, 1972, and named as defendant only Credit Factoring, Inc. On July 26 Credit Factoring filed its plea of privi-

lege to be sued in Dallas County. After the second suit was filed in June of 1972, and prior to consolidation of the two cases, Credit Factoring, Inc., James C. (Jimmy) Day, individually and as trustee of the Day Trust, and James Wohlenhaus filed their pleas of privilege on July 24, 1972. Subsequently, on September 14, 1972, Credit Factoring, Day, and Wohlenhaus filed jointly their "Motion to dismiss for want of jurisdiction," on the ground that the subject matter of the cause (198,374) had vested in the prior suit (196,856) and pointing out that the trial court in the prior suit had entered orders against Day as president and Wohlenhaus as vice-president of Credit Factoring, thereby depriving the court of jurisdiction also of Day and Wohlenhaus in the second suit. The motion made no reference to the pleas of privilege previously filed.

The trial court, on September 25, commenced a hearing on the motion to dismiss at which evidence was introduced in behalf òf the movants. The hearing was recessed until the following day, when the court heard arguments and thereafter recessed the hearing until October 11, 1972. After hearing further arguments on October 11, the trial court entered its order consolidating the two causes and overruling the motion to dismiss.

The pleas of privilege were heard thereafter by the trial court on November 8, 1972, and were by the court overruled and denied in an order entered on November 28.

 Under the facts stated, we hold that Credit Factoring, Day, and Wohlenhaus invoked the general jurisdiction of the trial court without reservation of their rights asserted under the pleas of privilege, and that their inconsistent action resulted in waiver of the venue pleas. O'Neal v. Texas Bank and Trust Co., 118 Tex. 133, 11 S.W.2d 791, 792 (1929); Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Tex.Civ.App. Dallas 1964, no writ); McCay v. Arnold Company, 328 S.W.2d

890 (Tex.Civ.App. Waco 1959, no writ). The test as to whether these appellants waived their pleas of privilege is not whether they filed their motion to dismiss, but whether they invoked the action of the trial court on the motion without first insisting on their pleas of privilege. Talbert v. Miles, 477 S.W.2d 710, 712 (Tex.Civ. App. Waco 1972, no writ); Thompson v. O'Donohoe, 482 S.W.2d 711, 712 (Tex. Civ.App. Waco 1972, no writ).

Examination of the order of the trial court overruling the pleas of privilege discloses that the plea of Day Trust was not disposed of. Since each and all of the other appellants, by their actions described, waived their pleas of privilege, we do not reach the contentions that the controverting affidavits of the State were ineffective. The appeal of Day Trust is dismissed.

The judgment of the trial court is affirmed.

Affirmed.