## TORNO v. COCHRAN. (No. 5985.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 27, 1918. Rehearing Denied March 20, 1918.)

1. VENUE ⬥⇔32(2)—CHANGE—PLEA OF SPECIAL PRIVILEGE—CONTINUANCE.

Where a plea of privilege to be sued in another county, filed in the county court, was continued by agreement, the order reciting "without prejudice to" defendant's right to such plea, the continuance was not a waiver of the plea.

2. VENUE ⬥⇔32(2)—PLEA OF REVEALMENTS—WAIVER—RULE FOR COSTS.

Where, after plea of privilege was filed, the court entered on his docket, "Rule for costs invoked by defendant," which was not carried into the minutes, but at a later term, at which the plea was sustained, was entered nunc pro tunc, such rule was a waiver of such plea.

Appeal from San Patricio County Court; M. A. Childers, Judge.

Suit by C. J. Torno against John D. Cochran. From an order granting defendant's plea of privilege, plaintiff appeals. Reversed and remanded.

Jno. A. Jones, of Sinton, for appellant. James G. Cook, of Sinton, for appellee.

FLY, C. J. Appellant sued appellee in San Patricio county to recover damages arising from a failure to properly "grub" certain land as he had contracted to do. A plea of privilege to be sued in Bexar county was sustained by the court, and the cause ordered to be transferred to that county.

[1] The plea of privilege was filed at the February term of the county court, and was continued by agreement to the May term of the court; the order of the court reciting that the continuance was had "without prejudice to right of defendant to plea of privilege to be sued in Bexar county, Texas." This action did not constitute a waiver of the plea of privilege, and it was sustained at the May term. In a case in which was an order almost identical with the one stated, this court held that the agreement to continue was not a waiver. Dorroh v. McKay,

56 S. W. 611. The opinion was approved by the Supreme Court. There are other decisions to the same effect. Blum v. Strong, 71 Tex. 322, 6 S. W. 167; Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; Johnson v. Waggoner, 190 S. W. 835. The first assignment of error is overruled.

[2] On the day after the plea of privilege was filed, the court entered on his docket, "Rule for costs invoked by defendant," which was not carried into the minutes; but at the August term of the court, succeeding the May term at which the plea of privilege was sustained, a motion was made by appellant for an entry on the minutes nunc pro tunc of the entry of the court on his docket as to the rule for costs being invoked, and the motion was granted by the court. It is contended by appellant that the act of appellee in invoking the rule for costs was a waiver of the plea of privilege. It is so held in the case of Brown v. Reed, 62 S. W. 73, and we will follow the decision, although as an original proposition we might not have so held. The fact that the request was entered on the docket of the court was sufficient to show that it had been asked for, and the nunc pro tunc order placing it in the minutes was properly granted.

If the ruling in Brown v. Reed was justifiable under the old law as to pleas of privilege, it is justifiable under the present law. Under either law, the rule for costs invoked the general jurisdiction of the court, and obtained a general order. The reasoning applying to a case under the old law would apply with equal force to one under the present law.

The judgment is reversed, and the cause remanded.