**CITIZENS' STATE BANK OF WHEELER et al. v. FIRST NAT. BANK OF MINERAL WELLS. (No. 293.)**

Court of Civil Appeals of Texas. Eastland.
April 15, 1927.

1. Pleading ☞110—Defendants did not waive pleas of privilege by asking that costs incurred prior to transfer be taxed against plaintiff (Vernon's Ann. Civ. St. 1925, art. 2019).

Defendants *held* not to have waived pleas of privilege by invoking jurisdiction of court in prayer praying for taxing of costs prior to transfer against plaintiff, since such relief is incidental to plea of privilege, in view of Vernon's Ann. Civ. St. 1925, art. 2019.

2. Pleading ☞110—Defendants invoking judgment on question not incidental to pleas of privilege thereby waive such pleas.

Defendants, who invoke judgment of court in any way on any question not incident to or pertaining to pleas of privilege, thereby waive such pleas and become subject to jurisdiction of court.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by the First National Bank of Mineral Wells against the Citizens' State Bank of Wheeler and others. From a judgment overruling defendants' pleas of privilege, they appeal. Reversed and remanded, with instructions.

Reynolds & Engledow, of Shamrock, for appellants.

W. P. Smith, of Mineral Wells, for appellee.

LESLIE, J. [1, 2] This appeal is from a judgment overruling pleas of privilege filed by appellants to be sued in Wheeler county, Tex., the county of their residence. The pleas were overruled on the ground that the appellants submitted themselves to the jurisdiction of the court and waived their pleas of privilege by invoking the jurisdiction of the court in their prayer praying for the taxing of all costs against the appellee. The last paragraph of the pleas of privilege concludes as follows:

"And that the cost incurred prior to the time such suit is filed in the court to which said cause is transferred, be taxed against the plaintiff."

The trial judge held that the appellants, by the use of the language quoted, invoked the jurisdiction of the trial court and thereby waived their pleas of privilege. Article 2019, Vernon's Ann. Civil Statute (1925) is as follows:

"If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff."

The appellants' plea is very nearly the exact language of the statute. No relief is sought by them except that which is incident to their pleas of privilege. Had appellants invoked the judgment of the court in any way on any question not incident to or pertaining to their pleas of privilege, they would thereby have waived such pleas and become subject to the jurisdiction of the court, but that result does not follow by merely invoking the statutes applicable in such cases.

Appellee seeks to uphold the judgment on the authority of Torno v. Cochran (Tex. Civ. App.) 201 S. W. 735, and St. Louis & S. F. Ry. Co. v. Hale, 109 Tex. 251, 206 S. W. 75. The judgment cannot be affirmed upon the authority of the opinion in either case. In the Torno Case, after filing a plea of privilege, the defendant came into court and asked a rule for cost. The effect of that was to call upon the court to require the plaintiff to file a cost bond securing the cost to accrue in that court, and he thereby invoked the jurisdiction of the court in a matter other than the mere plea of privilege. In the case of Railway Co. v. Hale, the defendant came into court and made a motion for an order requiring plaintiff to give security for cost and thereafter filed a motion to quash the citation. That was clearly a voluntary submission on the part of the defendant to the jurisdiction of the court.

For the reasons assigned, the judgment of the trial court overruling the pleas of privilege of appellant will be reversed and this cause remanded, with instructions to transfer the same to the district court of Wheeler county, Tex., for a trial on its merits.