**W. T. BARRETT, Appellant,**

**v.**

**James O. CHEATHAM, Appellee.**

**No. 3285.**

Court of Civil Appeals of Texas.

Waco.

July 25, 1955.

Rehearing Denied Sept. 15, 1955.

Milton M. Brownlee, Madisonville, for appellant.

John M. Barron, Coulter Hoppess, Bryan, for appellee.

TIREY, Justice.

This is an appeal from an interlocutory order of the District Court of Brazos County overruling appellant's plea of privilege to be sued in Madison County, the county of his residence. The judgment is assailed substantially on eight points. Owing to the fact that we believe that appellant waived his plea of privilege, each of the eight points assailing the judgment pass out of the case for reasons hereinafter briefly noted.

James O. Cheatham, of Bryan, filed his original petition in the District Court of Brazos County on January 25, 1955. In this petition he made parties defendant the appellant Barrett, of Madison County, and W. A. Haveron and Alton Hensarling and K. R. Menefee, each of the last three being resident citizens of Brazos County. W. T. Barrett seasonably filed his plea of privilege pursuant to T.R.C.P. 86, on February 2, 1955. Plaintiff Cheatham seasonably filed his controverting affidavit to the plea of privilege on February 3, 1955. On February 5, 1955, defendant Barrett filed his motion for costs. This motion in effect asked the court that Cheatham be required to give security for all costs. He prayed "that said rule for and security for costs be required

and that this cause be dismissed on failure of the plaintiff to so give said security." On the 9th day of February, 1955, the court granted appellant's motion for costs, and in the order we find this recital: "It is ordered, adjudged and decreed by the court that the said James O. Cheatham give, make, execute and file herein, a good and sufficient bond, with at least two sureties, to be approved by the Clerk of this Court, for the payment of all costs accruing herein." The order overruling the plea of privilege was entered on March 8, 1955.

In Brown v. Reed, Tex.Civ.App., 62 S.W. 73, no writ history, our Galveston Court of Civil Appeals held: "We are of opinion the plea was correctly held as abandoned. The defendant in the justice court, by ruling the plaintiff for costs, invoked the general jurisdiction of the court, and thereby secured a general order in the case."

In Torno v. Cochran, Tex.Civ.App., 201 S.W. 735, no writ history, we find this statement by our San Antonio Court of Civil Appeals: "It is contended by appellant that the act of appellee in invoking the rule for costs was a waiver of the plea of privilege. It is so held in the case of Brown v. Reed [Tex.Civ.App.], 62 S.W. 73, and we will follow the decision, although as an original proposition we might not have so held."

In Citizens State Bank of Wheeler v. First Nat. Bank of Mineral Wells, Tex. Civ.App., 293 S.W. 913, no writ history, our Eastland Court of Civil Appeals gave its approval of the doctrine announced in the foregoing cases, in this language: "In the Torno Case, after filing a plea of privilege, the defendant came into court and asked a rule for costs. The effect of that was to call upon the court to require the plaintiff to file a cost bond securing the costs to accrue in that court, and he thereby invoked the jurisdiction of the court in a matter other than the mere plea of privilege." The case was distinguished, and was reversed and remanded on other grounds not pertinent here, with instructions to transfer the cause to the District Court of Wheeler County. See also Texas Digest, Vol. 30, Pleading,⊂⊃110, and cases there collated.

In Swift & Co. v. Duckett, Tex.Civ.App., 13 S.W.2d 237, no writ history, point 2 on page 239, the Amarillo court followed and applied the doctrine announced in Brown v. Reed and Torno v. Cochran, supra. The rule here cited and followed, according to our view, is not in conflict with Gulf Ref. Co. v. Needham, Tex.Civ.App., 233 S.W.2d 919, no writ history, opinion by the Eastland court; nor of the opinion of this court in Anderson v. Southwestern Presbyterian Home and School for Orphans, Tex.Civ. App., 248 S.W.2d 775, application for writ dismissed. We think the views here expressed are in accord with the pronouncement of our Supreme Court in St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75.

█ Since, under the decisions here cited, appellant having exercised his right to invoke the rule for costs, he has by so doing, invoked the general jurisdiction of the District Court of Brazos County, and has thereby submitted himself to its jurisdiction and has waived the right to be sued in the county of his residence. As we have before stated, because of the views here expressed, all other venue questions pass out of the case and the judgment of the district court overruling appellant's plea of privilege to be sued in the county of his residence, is in all things affirmed.

## On Appellant's Motion for Rehearing

Appellant assigns four points of error in his motion for rehearing. They are substantially: (1) The court erred in deciding the cause on a point not raised either in the trial court or the Court of Civil Appeals, such point not being fundamental error under the decisions of our courts; (2) the court erred in holding that appellant waived his plea of privilege by filing his motion for costs against the appellee in the trial court and obtaining a ruling thereon; (3) the court erred in affirming the cause and in refusing to consider for any purpose the brief of appellant or the points set forth therein; (4) the court erred in searching the record to discover a point on which to affirm this cause without at the same time

searching the record to determine whether there was a case against the appellant in the first place, and in failing after such determination to reverse the cause.

Appellant relies on Douglas v. Douglas, Tex.Civ.App., 167 S.W.2d 774 (no writ history); Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; Edgar v. Schmidt, Tex. Civ.App., 243 S.W.2d 414 (no writ history); and Rule 374, T.R.C.P. We are not in accord with appellant's points or the aplication of the cases there cited for reasons hereinafter briefly noted.

■ First of all, this cause was tried before the court without the aid of a jury and there was no request for findings of fact and conclusions of law and none were filed. It is true that none of the appellees set up in their briefs that the appellant had waived the plea of privilege he had filed because he had invoked the jurisdiction of the court as herein set out; nor have they made reply to appellant's motion for rehearing and set up such waiver.

Rule 434, T.R.C.P., provides in part:

"Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error."

■■ Assuming, without deciding, that the trial court did not take into considera-

tion the rule for costs interposed by appellant, and entered his judgment against appellant on other grounds, yet, if the court's judgment is correct and one legal reason exists to support the trial court's judgment, then in such event we think the judgment must be affirmed. Is not that the exact situation before us? In Smith v. Basham, Tex.Civ.App., Dallas, 227 S.W.2d 853, 855, affirmed in 149 Tex. 279, 233 S.W. 2d 297, we find this statement by Chief Justice Bond: "Jurisdictional questions are ordinarily determined by an inspection of the record or transcript thereof." This court believes that it is the duty of its members to examine the transcript, as was done in this case. Needless to say, the appellate court wants to know whether the cause was tried with or without the aid of a jury, and in order to ascertain this fact the court customarily examines the transcript. In so doing we found that the defendant had interposed in this case the rule for costs.

In Ramsey v. Dunlop, supra, cited by appellant, we find this statement [146 Tex. 196, 205 S.W.2d 982]:

"After our appellate courts thus for 89 years continued to pass on errors unassigned but apparent of record, in the face of a statute which declared that all errors not distinctly specified by assignment in the trial court should be considered as waived, must we now hold that our courts of civil appeals have no authority to consider such errors because Art. 1837 has again been repealed by the substantial reenactment of Art. 1844 in the form of Rule 374, T.R.C.P.? As to errors that are truly fundamental, we think the answer must be No."

In the case at bar we are not dealing with any assignment of error of the appellee's assailing the judgment of the trial court. They are asking only for an affirmance. So we go back to the proposition that if there is a valid legal reason why the judgment of the trial court should be affirmed, we think it is our duty to do so under Rule 434, supra.

If appellant's position is correct, any judgment of the trial court correctly decided, although the decision thereof was based on a misconception of the law by the trial judge, could be set aside on appeal if appellee failed in his brief to assign by counter point a correct reason for the affirmance of the judgment. We do not so understand our procedure under the foregoing conditions.

Needless to say, Rule 89, T.R.C.P., takes care of the costs where pleas of privilege are sustained.

It follows that we are of the view that the trial court entered the correct order in overruling the plea of privilege, and appellant's motion is in all things overruled.