**Mollie TALBERT et al., Appellants,**

v.

**Iola MILES, Appellee.**

**No. 5099.**

Court of Civil Appeals of Texas, Waco.

Feb. 24, 1972.

Rehearing Denied March 23, 1972.

Jones, Francis & Youts, Frank Fitzpatrick, Waco, for appellants.

Lorance & Thompson (Larry D. Thompson), Houston, for appellee.

HALL, Justice.

In this personal injury action which resulted from an automobile collision, the plaintiffs appeal from an order sustaining the defendant's plea of privilege.

In their controverting plea the plaintiffs pleaded the provisions of subdivision 9a of Article 1995, Vernon's Annotated Texas Civil Statutes, for maintaining venue in the county of suit. However, at the plea of privilege hearing, no proof was made in support of the controverting plea.

The record shows without contradiction that after the filing of the plea of privilege, but before it was heard, the defendant, without reserving the plea, filed a motion to require the plaintiffs to furnish security for costs; and caused a copy of the motion to be served on plaintiffs' attorney by certified mail. However, there is no evidence that the motion was submitted to the court for determination or that any action of any nature was taken on the motion by anyone after it was filed.

Did the defendant, by filing the motion to have plaintiffs, ruled for costs without reserving her venue plea, waive the plea of privilege? The plaintiffs contend that she did, and assign this as their single reason for reversal of the trial court's judgment. We overrule plaintiffs' contention.

 A pending plea of privilege is waived by actions of the defendant which invoke the judicial power of the court on a matter and in a manner which is inconsistent with a continuing intention to insist upon the plea. 1 McDonald, Texas Civil Practice 572–573, Sec. 4.40 (rev. ed. 1965); 59 Tex.Jur.2d 609–611, Venue, Sec. 158.

The case of O'Neal v. Texas Bank & Trust Co., 118 Tex. 133, 11 S.W.2d 791 (1929) is frequently cited on the question before us. In that case the defendant filed pleas of privilege in two companion suits, and, prior to a hearing on either, without reserving its pleas of privilege, filed a plea to abate one of the suits and obtained a hearing on the plea in abatement. Ruling that the pleas of privilege had been waived, the court said:

"We do not hold that mere filing of a plea in abatement (of the kind shown here), even though the question as to privilege of venue be not expressly saved in the plea amounts to a waiver; what we do hold is that, if such a plea with its issues be actually submitted for determi-

nation before action on the plea to venue, there is submission to jurisdiction of the court with consequent waiver of the latter plea."

The mere filing of the motion in question did not, per se, invoke affirmative action of the trial court, and could not have prejudiced the plaintiffs. Alone, it does not negative an intention on the part of the defendant to insist upon her plea of privilege; and we hold that it did not effect a waiver of the plea. O'Neal v. Texas Bank & Trust Co., supra; Stewart v. Whitworth, (Tex.Civ.App., 1970, writ dism.) 453 S.W.2d 875, 880; Waxahachie Bank & Trust Company v. Price, (Tex. Civ.App., 1957, no writ hist.) 308 S.W.2d 158, 161; Geary, Hamilton, Brice & Lewis v. Coastal Transp. Co. (Tex.Civ.App., 1966, no writ hist.) 399 S.W.2d 878, 880,

Cf. 59 Tex.Jur.2d 612–614, Venue, Sec. 159.

In support of their contention of waiver, the plaintiffs cite the cases of St. Louis & S.F.R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75 (1918); Torno v. Cochran, (Tex.Civ. App., 1918, no writ hist.) 201 S.W. 735; and Barrett v. Cheatham, (Tex.Civ.App., 1955, no writ hist.) 281 S.W.2d 761. In *Hale*, the question before the court was one of jurisdiction rather than of venue or its waiver, and we do not consider the case controlling, here. In *Torno* and *Barrett*, the defendants actually submitted their motions to rule for costs to the court and secured rulings thereon before their pleas of privilege were heard; and those cases are therefore distinguishable on their facts from the case at hand.

The judgment is affirmed.