**W. S. NACOL, Jr., M.D., Appellant,**

v.

**Ola WILLIAMS, Individually and next friend of minor children, Bonnie R. Williams, et al., Appellees.**

No. 5048.

Court of Civil Appeals of Texas, Eastland.

July 21, 1977.

Rehearing Denied Aug. 18, 1977.

Charles W. Oldham and Judd B. Holt, Oldham & Holt, Wichita Falls, for appellant.

Aubrey L. Roberts, Jr., Mays, Moore, Dickson & Roberts, Inc., Sweetwater, for appellees.

WALTER, Justice.

This is a venue case. Ola Williams, individually and as next friend of her minor children filed suit in Nolan County, Texas, against W. S. Nacol, Jr., M.D.

Nacol filed a plea of privilege on June 9, 1976. Subject to his plea of privilege, Nacol filed his original answer.

The "Motion to Rule for Costs" filed June 9, 1976 is as follows:

"Defendant makes this his demand that Plaintiff be required to file a good and sufficient cost bond in this case or make a sufficient deposit in lieu thereof. In view of the fact that several depositions will probably be taken in this cause, he asks that if a cash deposit in lieu of a bond is offered, Plaintiff be required to deposit an adequate amount to cover the expense of such depositions, which Defendant estimates at $350.00."

Accompanying the motion was the following order:

"ON THIS DAY, came on to be heard, the Motion of the Defendant, to rule the Plaintiff for costs. It appearing to the Court that the Plaintiff has had due notice of such Motion, that he has not given security for costs, and that such Motion is well taken, it is accordingly ORDERED that Plaintiff be and she is hereby, ruled to give security for costs herein within twenty (20) days from this date by posting a bond conditioned as required by law or depositing a sufficient sum in cost to cover the costs which said sum shall be not less than $____. If the Plaintiffs fail to post said bond or cost deposit within twenty-three (23) days of a signed copy of this Order being placed in the U.S. Mail properly addressed to the Plaintiffs

or the Plaintiff's attorney, then this case is automatically dismissed with prejudice upon the Defendant certifying to such notice without further action of this Court.

RENDERED AND ENTERED this _____ day of June, 1976.

_____

JUDGE PRESIDING"

The court used the form submitted and required the plaintiff to deposit $350 cash to cover the costs. On the same day, the plaintiff complied with the court's order and deposited with the clerk $350 in cash.

Nacol also filed interrogatories propounded to the plaintiff pursuant to Rule 168, T.R.C.P., on June 9, 1976.

In her controverting plea, Mrs. Williams contends Dr. Nacol waived his right to be sued in the county of his residence because he invoked the jurisdiction of the court for general purposes when he filed a motion for costs and obtained an order requiring the plaintiff to post a cash deposit in the amount of $350.00.

The court overruled the plea of privilege and Dr. Nacol has appealed. He contends the court erred in holding venue was proper in Nolan County and in holding Nacol waived his plea of privilege.

 The answer was filed subject to the plea of privilege but the motion to rule for costs was not so filed. When the motion was filed and the form for the judge to use in granting the motion was attached to the motion, the court had a duty to pass on the motion. In *Wilie v. Montgomery Ward & Company*, 291 S.W.2d 432 (Tex.Civ.App.—Waco 1956, no writ), the court said:

"Going back to a consideration of Points 1 and 2, we find defendants seasonably filed written motion asking that the plaintiff be required to file a good and sufficient cost bond or make a substantial deposit in cash, but we find nothing in the record to show that the court took any action whatsoever on the same. It is the contention of defendants here that the court took no action on the motion and that since the court failed to take any action and failed to require the plaintiff to make a good cost bond in accordance with Rule 143, T.R.C.P., that the court committed reversible error and that they are entitled to have the cause reversed and remanded and the cause dismissed. We overrule this contention for reasons which we shall hereafter briefly state.

Rule 143, T.R.C.P., is as follows:

'The plaintiff may be ruled to give security for costs at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, and, if such rule be entered against the plaintiff and he fail to comply therewith on or before twenty (20) days after knowledge or notice that such rule has been entered, the suit shall be dismissed.'

*This court is in accord with the view that it was the duty of the trial court to pass upon this motion,* but since the court refused to do so we do not think it is ground for us to reverse the case and dismiss the cause." (Emphasis added)

The statement of facts in the instant case reveals the following:

"THE COURT: The Court's recollection, for the record, of how this matter came to the Court's attention: The filing of the instrument, including the Plea of Privilege, the Motion To Rule For Costs, the Order appended to it, and the Request for Admission to Interrogatories, was called to the attention of the Court by the clerk, along with another batch of other things while I was in the clerk's office writing on the docket. Mr. Roberts came in. Of course, I can't see his intentions any better than I can anybody else's. I called it to his attention, and he indicated that, of course, he would be happy for me to go ahead and enter the Order. And I entered the Order. And he did put up then, within an hour I guess, three hundred and fifty dollars in cash."

In *St. Louis & S. F. R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918), the court said:

". . . Two days before the plaintiff in error, a foreign railroad corporation, moved to quash the service of citation, it filed the following motion:

> 'S. T. Hale v. St. L. & S. F. R. R. Co. In 15th District Court, Grayson County. Now comes the defendant and moves the court for an order requiring plaintiff to give security for costs. Head, Smith, Hare & Head, Attorneys for Defendant.'

In our opinion, this motion operated as a voluntary appearance by plaintiff in error and waived any defect in the service . . ."

In *Barrett v. Cheatham*, 281 S.W.2d 761 (Tex.Civ.App.—Waco 1955, no writ), defendant Barrett filed a plea of privilege on February 2, 1955, and plaintiff Cheatham filed a controverting affidavit on February 3, 1955. On February 5, 1955, defendant Barrett filed a motion for costs. On February 9, 1955, the court granted appellant's motion for costs.

The court held Barrett waived his plea of privilege by filing his motion for costs and said:

> "Since, under the decisions here cited, appellant having exercised his right to invoke the rule for costs, he has by so doing, invoked the general jurisdiction of the District Court of Brazos County, and has thereby submitted himself to its jurisdiction and has waived the right to be sued in the county of his residence . ."

We hold the appellant waived his plea of privilege by invoking the jurisdiction of the court on his motion to rule for costs.

This case is distinguishable from *Talbert v. Miles*, 477 S.W.2d 710 (Tex.Civ.App.—Waco 1972, no writ) relied on by appellant in that in *Talbert* there was no evidence the motion to rule for costs was submitted to the court for determination or that any action of any nature was taken on the motion by anyone after it was filed.

In the case at bar, when the appellant filed his motion with an order attached for the judge to sign, the court had a duty to act on the motion.

We have considered all of appellant's points of error and find no merit in them. They are all overruled.

The judgment is affirmed.