**FIRST STATE BANK AND TRUST COMPANY OF RIO GRANDE CITY et al., Appellants,**

v.

**William J. COLPAUGH et al., Appellees.**

No. 15057.

Court of Civil Appeals of Texas, San Antonio.

Dec. 27, 1972.

Rehearing Denied Jan. 31, 1973.

Hill, King & Waite, Mission, H. P. Guerra, III, Rio Grande City, for appellants.

Rankin, Kern & Martinez, McAllen, Forrest L. Jones, Donna, Ronald D. Karchmer, Stone, Luther & Dyer, Corpus Christi, for appellees.

CADENA, Justice.

This is a plea of privilege case in which plaintiffs, First State Bank & Trust Company of Rio Grande City and Clinton Manges, assail the order of the trial court granting the individual pleas of privilege of the four defendants, William J. Colpaugh, Kenneth Hearn, Sam Perkins and Woodrow Mann.

Plaintiff's petition sought recovery against defendants of $147,086.80, essentially because of fraud perpetrated on Frank Anderson, the chief executive officer of plaintiff, First State Bank & Trust Company of Rio Grande City (plaintiff bank), by reason of which fraud and conspiracy plaintiff bank was induced to lend Colpaugh $52,500, evidenced by three notes; honor checks signed by Colpaugh; and surrender insufficient fund checks signed by Colpaugh in exchange for other hot checks. By alternative pleadings, plaintiffs sought recovery against "defendant Colpaugh in the sum of $73,543.30 and, jointly and severally therewith against the defendant Mann in the sum of $10,000.00. . . ." This alternative count alleged that Colpaugh was liable, as maker, drawer or endorser, on several notes and checks; that Colpaugh and Mann were jointly liable on one check; and that Hearn was liable as Colpaugh's partner in an enterprise, Gericare Center of Edinburg, to which part of the funds obtained from the loans made by plaintiff bank were diverted. However, the prayer accompanying this alternative count sought no recovery against Hearn.

It is undisputed that none of the defendants resided in Starr County, the county in which the suit was filed. Separate pleas of privilege were filed by each defendant, and each plea of privilege was sustained. Since each defendant resided in a different county, the result is that plaintiffs must try their case against each defendant in a separate county.

We consider separately the problem of venue as to each defendant. Colpaugh and Mann did not appear at the hearing on the pleas of privilege, and they have filed no briefs in this Court.

### Venue as to Colpaugh

In answer to Colpaugh's plea of privilege, plaintiffs asserted that Colpaugh was suable in Starr County under Subdivisions 5 (suit on a written contract obligating Colpaugh to perform in Starr County), 7 (fraud occurring in Starr County), and 9 (crime, offense or trespass committed in Starr County) of our venue statute (Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann.). It is undisputed that Colpaugh executed a promissory note, payable to plaintiff bank in Rio Grande City, Texas, and that he failed to pay such note. Since we judicially know that Rio Grande City is the county seat of Starr County, the suit was properly maintainable against Colpaugh in Starr County. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950). The trial court erred in sustaining Colpaugh's plea of privilege. Clark, Venue in Civil Actions in Texas, Section 5, at p. 5 (1953).

*Venue as to Perkins*

During the hearing on the pleas of privilege, and prior to the time that the trial court had ruled on any of such pleas, counsel for plaintiff bank called the defendant, Perkins, to the stand. At this point, the attorney for Perkins moved "that the First State Bank & Trust Co. of Rio Grande City as a plaintiff be dismissed, for the reason that they have no justiciable interest in this cause of action at the present time . . . And at this time we move that they be dismissed for having no justiciable interest in this cause of action. They can recover no monetary money [sic] against our clients, Your Honor." Counsel then moved that the plea of privilege of Perkins be overruled, since Perkins had waived his plea of privilege by invoking the jurisdiction of the court on the merits of the case. Both motions were overruled.

A plea of privilege is waived if the defendant filing it, without first insisting on its disposition, invokes the judicial power of the court in a manner inconsistent with a continuing intention to insist upon the plea. 1 McDonald, Texas Civil Practice, Venue, Section 4.40, pp. 572–74 (1965 rev.). In McCay v. Arnold Company, 328 S.W.2d 890 (Tex.Civ.App., Waco 1959, no writ), the appellant complained of the order overruling its plea of privilege and of the refusal of the trial court to rule on their motion to dismiss, urged prior to the determination of the plea of privilege and based, as here, on evidence adduced at the hearing on the plea of privilege. Justice Wilson said, "By invoking the action of the court on the motion, appellants waived the plea. O'Neal v. Texas Bank & Trust Co., 118 Tex. 133, 11 S.W.2d 791 [1929]; Barrett v. Cheatham, Tex.Civ.App., 281 S.W.2d 761 [Waco 1955, no writ]; Rule 84, Texas Rules of Civil Procedure." The trial court erred in sustaining the plea of privilege of defendant Perkins.

*Venue as to Hearn*

Plaintiffs seek to maintain venue in Starr County as to Hearn under Subdivisions 7 and 29a of the venue statute.

There is no evidence that Hearn committed any fraud in Starr County. Subdivision 7 is inapplicable.

Subdivision 29a authorizes a plaintiff who sues two or more nonresident defendants in a county where venue is proper as to one defendant under some other subdivision of Article 1995 to maintain venue in such county as to all necessary parties to such cause of action. Plaintiffs contend that since suit was properly maintainable against Colpaugh under Subdivisions 5 (contract in writing), 7 (fraud) and 9 (crime, offense or trespass), Hearn is also properly suable in Starr County under Subdivision 29a because he is a necessary party to the cause of action against Colpaugh.

We have already held that Colpaugh was properly suable in Starr County under Subdivision 5, and we assume, for the purposes of this opinion, that Subdivisions 7 and 9 are also applicable to establish venue against Colpaugh in such county. We must, then, determine whether Hearn is a necessary party to the cause of action which lays venue in Starr County as against Colpaugh.

Prior to 1956, there were two lines of authority relating to the manner of establishing that a defendant is a necessary party within the meaning of Subdivision 29a. One line of decisions by Courts of Civil Appeals held that the allegation in the petition that the defendant in question is a necessary party is sufficient, since it is possible to determine from the nature of the suit whether one is a necessary party or not. Crawford v. Sanger, 160 S.W.2d 115 (Tex.Civ.App., Eastland 1942, no writ). Other intermediate court decisions insisted that a joint cause of action against the

defendants be proved by extrinsic evidence, because this type of proof is needed to insure that plaintiff is resorting to Subdivision 29a in good faith. Scott v. Scott, 126 S.W.2d 525 (Tex.Civ.App., Dallas 1938, no writ). In 1956, in Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, the Supreme Court resolved this conflict by adopting the rule that a joint cause of action against all defendants must be proved by extrinsic evidence in order to sustain venue as against those alleged to be necessary parties under Subdivision 29a.

Plaintiffs' claim of a joint cause of action against Colpaugh and Hearn is based on the issuance of a "hot" check in the amount of $33,880. This check was drawn on the Citizens State Bank of Donna, Texas, of which bank Hearn was an executive officer. The check was drawn on the account of Gericare Center of Edinburg, a partnership consisting of Colpaugh and Hearn, and was signed by Colpaugh. It was payable to Gericare, Inc., an entity in which Hearn had no interest. This check was endorsed, in Colpaugh's handwriting, "Gericare, Inc., for deposit to Acct. #16–837–8." Account No. 16–837–8 was the personal account of Colpaugh and his wife at plaintiff bank, and the check was deposited by Colpaugh in his personal account at such bank.

This check, dated November 7, 1969, was apparently deposited by Colpaugh to his personal account in plaintiff bank for the purpose of "covering" a "hot" check drawn by Colpaugh on such account on October 27, 1969, payable to defendant Mann, and bore on its face the notation, "Stand by Fee." It was given to assure Mann of payment of his fee for his attempt to secure a large loan on behalf of Gericare Centers, Inc. (not to be confused with Gericare Inc., the payee on the November 7, 1969, check), a corporation in which Colpaugh, Hearn and Perkins were shareholders, and of which they were directors.

The financial dealings and manipulations of Colpaugh, as reflected by the record, were somewhat intricate. However, an examination of the record reveals that Hearn did not know of the issuance of the November 7, 1969, check by Colpaugh and had not authorized, or consented to, its being drawn on the partnership account, payable to an entity which was solely operated by Colpaugh, endorsed, in the name of that entity, by Colpaugh for deposit to Colpaugh's personal account, for the purpose of "covering" a check in the identical amount previously issued by Colpaugh and drawn on Colpaugh's personal account. No part of the proceeds of the November 7 partnership check went to the partnership, nor were any of the proceeds spent for the benefit of the partnership. Since the evidence does not show that Colpaugh, in drawing the check, was performing an act for apparently carrying on the partnership business in the usual way, there is no basis for holding that the check in question is a partnership obligation. Article 6132b, Tex.Rev.Civ.Stat.Ann. (Texas Uniform Partnership Act), Section 9, Subdivision (1); Burns v. Gonzalez, 439 S.W.2d 128 (Tex.Civ.App., San Antonio 1969, writ ref'd n. r. e.).

Even if it be assumed that, in writing the check in question, Colpaugh was acting with a fraudulent intent, it is clear that his fraudulent conduct was not engaged in "apparently . . . for the carrying on of the business of the partnership in the usual way," and that, therefore, Hearn is not liable as a partner in the absence of evidence showing that Colpaugh's conduct in this transaction was authorized by Hearn. Article 6132b, Section 9, Subdivision (2), Tex.Rev.Civ.Stat.Ann.

*Venue as to Mann*

The principal ground for maintaining venue in Starr County as against Mann is the fact that Mann, on January 10, 1970, drew a check in the sum of $30,000, payable to Colpaugh and drawn on Mann's bank in Houston. Colpaugh deposited this check to his personal account in plaintiff

bank, and Colpaugh's account was credited with $30,000. However, the check was dishonored by the Houston bank because Mann had not sufficient funds in his account to cover the check, and on January 28, 1970, plaintiff bank charged the sum of $30,000, the amount of the dishonored Mann check, to Colpaugh's account. This created an overdraft, the amount of which is not revealed by the record, in Colpaugh's account. Sometime in January, 1970, plaintiff bank received from Mann the sum of $20,000. According to plaintiff bank's chief executive officer, plaintiff bank recovered "$20,000.00 of that" check from Mann.

 Both Mann, as maker, and Colpaugh, as endorser, are clearly liable on the check. Mann, as maker, is primarily liable on the instrument while Colpaugh, as endorser, is secondarily liable. Section 3.-102, Subdivision (a)(4), Tex.Bus. & Com. Code, V.T.C.A.; Puckett v. Big Lake State Bank, 73 S.W.2d 893 (Tex.Civ.App., El Paso 1934, writ ref'd).

 In an action against parties secondarily liable upon written instruments, the maker or principal obligor is a "necessary" party in the sense that no judgment may be rendered against the principal obligor, except where the principal obligor resides beyond the limits of the state, or cannot be reached by the ordinary process of law, or his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or when he is actually or notoriously insolvent. Articles 1986, 1987, Tex.Rev.Civ.Stat.Ann.

In this case, judgment cannot be rendered against Colpaugh, as endorser, unless judgment is also rendered against Mann, the primary obligor, since none of the statutory exceptions are applicable. Zimmerman v. Bond, 392 S.W.2d 149 (Tex.Civ. App., Dallas 1965, no writ). Mann, therefore, must be held to be a "necessary party" to the suit against Colpaugh on the check in the sense in which the term "necessary party" is used in Subdivision 29a.

Since, as already pointed out, Colpaugh was properly suable in Starr County under Subdivision 5, the suit was maintainable against Mann in that county under Subdivision 29a.

The judgment of the trial court is affirmed insofar as it sustains the plea of privilege of defendant Kenneth Hearn. That portion of the judgment sustaining the pleas of privilege of William J. Colpaugh, Sam Perkins and Woodrow Mann is reversed and judgment is here rendered overruling such pleas of privilege. The cause is remanded to the trial court for further proceedings as to Colpaugh, Perkins and Mann.

One fourth of the costs of this appeal are assessed against appellants. Appellees, Sam Perkins, William J. Colpaugh and Woodrow Mann shall each pay one fourth of such costs.