**Willie B. HACKETT, Appellant,**

v.

**BROADWAY NATIONAL BANK,
Appellee.**

**No. 5832.**

Court of Civil Appeals of Texas,
Waco.

Aug. 3, 1978.
Rehearing Denied Aug. 24, 1978.

Kenneth Beanland, San Antonio, for appellant.

Barry Snell and Don Krause, Bayne, Snell & Krause, San Antonio, for appellee.

HALL, Justice.

Plaintiff-appellee Broadway National Bank brought this suit against defendant-appellant Willie B. Hackett pleading the following facts: On January 31, 1977, defendant issued a check to Eladio Jimenez in the amount of $2,500.00 drawn on the Frost National Bank of San Antonio, Texas. Jimenez negotiated the check to plaintiff. The check was accepted by plaintiff in the ordinary course of business, in good faith, and for value. The check was dishonored by the Frost National Bank because defendant's account had insufficient funds. Thereafter, defendant stopped payment on the check. Defendant has paid $500.00 to plaintiff, but has failed and refused and continues to fail and refuse to pay the remaining balance of $2,000.00. Accordingly, plaintiff prays for recovery of that amount from defendant.

Defendant answered with a general denial.

Plaintiff moved for summary judgment, asserting there was no issue as to any material fact and that plaintiff was entitled to judgment as a matter of law. The motion incorporated plaintiff's petition and was supported by the affidavit of Michael J. Greenwell, plaintiff's vice-president and cashier. Photocopies of the front and back of the check sued upon, and of a statement of Jimenez's checking account with plaintiff numbered 245–972–0, were attached to the affidavit. In the motion, plaintiff alleged these facts: The pleadings and affidavits show that on January 31, 1977, defendant issued his check to Eladio Jimenez, in the amount of $2,500.00, drawn on the Frost National Bank of San Antonio, Texas. On January 31, 1977, plaintiff became a holder in due course of the check, having taken the instrument for value, in good faith, and without notice that it was overdue or had been dishonored or that there was any defense against it, or claim to it on the part of any person. Plaintiff gave value for the check, in that it was immediately credited to the account of Eladio Jimenez, plaintiff's depositor, and was withdrawn by him on February 1, 1977. On February 4, 1977, the check was returned to plaintiff marked "NSF." On redeposit, the check was returned a second time, marked "payment stopped." On February 15, 1977, defendant paid $500.00 to plaintiff on the check, leaving a balance due and unpaid in the amount of $2,000.00.

In its material parts the affidavit attached to the motion contains the following statements by Greenwell:

"As vice-president and cashier of the Broadway National Bank, I am thoroughly familiar with the Bank's files, books and records in this case. I have personal knowledge of each of the facts set forth in this Affidavit, and am competent to testify thereto.

"Attached to this Affidavit as Exhibit 'A' is a true and correct copy of the check upon which Plaintiff's case is based. Plaintiff is the lawful owner and holder of the check.

"Attached as Exhibit 'B' is a statement of the account of Eladio Jimenez or Elia Jimenez, depositors of the Broadway National Bank. The account reflects a deposit of $2,632.50 made on January 31, 1977. Of that amount, $2,500.00 represented the check attached hereto as Exhibit 'A'. On February 1, 1977, the account of Eladio Jimenez was debited in the amount of $2,500.00 representing payment of check number 204, written by Eladio Jimenez on January 31, 1977, payable to the order of Commercial Abstract and Title Company.

"On February 4, 1977, the check attached hereto as Exhibit 'A' was returned to the Broadway National Bank by the Frost National Bank of San Antonio, Texas, marked 'NSF'. The notation 'NSF' is the usual notation used in the banking business in San Antonio, Texas, to indicate that the check is being returned due to insufficient funds in the drawer's account.

"On February 15, 1977, Mr. Willie B. Hackett paid $500.00 toward the check attached hereto marked as Exhibit 'A', leaving an unpaid balance of $2,000.00. The unpaid balance of $2,000.00 is presently due and owing.

"At the time the Broadway National Bank credited the check attached hereto as Exhibit 'A' to the account of Eladio Jimenez and permitted Eladio Jimenez to withdraw the funds from the account, the Bank had no knowledge of any defense or claim to the check, and was in all respects acting in good faith."

Defendant filed an answer to plaintiff's motion for summary judgment, asserting there were existing fact questions in the case. He supported the answer with his affidavit. At the same time, by separate action, defendant impleaded Jimenez and prayed for judgment against Jimenez for any amount recovered by plaintiff against him.

In his affidavit, defendant stated: "There was no consideration for the issuance of the check marked 'Exhibit A' to Mr. Eladio Jimenez in that Mr. Jimenez failed to complete the work for which the money was advanced; and further, that the Broadway National Bank has not given value as shown by their statement of accounts marked 'Exhibit B' in that the Bank, on February 4, 1977, debited the account of Mr. Eladio Jimenez in the amount of $2,500.00 which reverses the credit the Bank had given him on February 1, 1977, in the amount of $2,500.00 which is the alleged value the Bank claims to have given out for the check deposited by Mr. Jimenez on January 31, 1977, from myself. And, further, that Plaintiff has failed to include as a credit against the $2,000.00 allegedly owed by the Defendant in the sum of $121.43 which was collected by the Bank on February 3, 1977. And, I have not paid the Bank the sum of $500.00 as alleged in the Bank's motion for summary judgment, but another check was issued to Mr. Eladio Jimenez which he deposited in his account and which was credited to the overdraft."

In his action against Jimenez for indemnity, defendant alleged that on January 31, 1977, he issued the check sued upon by plaintiff to Jimenez; that the check was given in exchange for "certain work to be completed on behalf of [Hackett]" by Jimenez; that "before completing said work [Jimenez] deposited the said check in Account No. 245–972–0 at the Broadway National Bank and drew a check to Commercial Abstract and Title Company in the amount of $2,500.00 on the same date"; and that "[Jimenez] has failed to complete the work agreed upon and no consideration exists for said check."

The copies of the check and of the statement of Jimenez's checking account attached to Greenwell's affidavit were not certified copies, and they carried no authentication other than that accorded them by the affidavit. The statement of Jimenez's account shows the following relevant transactions during the period in question in January and February, 1977:

| CHECKS PAID AND OTHER CHARGES | | | | | DEPOSITS | BALANCE | |
|---|---|---|---|---|---|---|---|
| DATE | NO. | AMOUNT | NO. | AMOUNT | AMOUNT | DATE | BALANCE |
| 01–20 | | 18.00 | | 75.00 | | | |
| | | 204.75 | | | | 01–20 | 372 33 |
| 01–21 | | 22.78 | | | | 01–21 | 345 55 |
| 01–24 | | 14.19 | | | | 01–24 | 335 36 |
| 01–25 | | | | | 142.50 | | |
| | | 58.00 | | 202.60 | | 01–25 | 217 26 |
| 01–26 | | 2.00 | | | | 01–26 | 215 26 |
| 01–27 | | 57.84 | | | | 01–27 | 157 42 |
| 01–31 | | | | | 2,632.50 | | |
| | | 96.66 | | | | 01–31 | 2 693 26 |
| 02–01 | | | | | 167.88 | | |
| | | 167.00 | | 2500.00 | | | |
| | | 37.71 | | | | 02–01 | 156 43 |
| 02–03 | | 35.00 | | | | 02–03 | 121 43 |
| 02–04 | | 2500.00 | | | | 02–04 | −2 378 57 |
| 02–07 | | 8.00 | | | | 02–07 | −2 386 57 |
| 02–08 | | 8.00 | | | | 02–08 | −2 394 57 |
| 02–09 | | 4.00 | | | | 02–09 | −2 398 57 |
| 02–11 | | 128.37 | | 4.00 | | 02–11 | −2 530 94 |
| 02–14 | | 4.00 | | | | 02–14 | −2 534 94 |
| 02–15 | | | | | 128.37 | | |
| | | | | | | 02–15 | −2 406 57 |
| 02–17 | | | | | 500.00 | | |
| | | | | | | 02–17 | −1 906 57 |
| | SERVICE CHARGE | | | 1.60 | | | −1 908 17 |

Upon the above record, plaintiff's motion for summary judgment was granted, and plaintiff was awarded a recovery of $2,000.00 against defendant. Plaintiff's suit against defendant was subsequently severed from defendant's suit against Jimenez, and defendant brought this appeal.

■ Rule 166–A(e), Vernon's Tex.Rules Civ.Proc., provides that copies of all papers attached to an affidavit supporting a motion for summary judgment shall be "sworn or certified copies." Defendant asserts that because Greenwell did not swear in his affidavit that the attached copy of Jimenez's checking account was a "true and correct copy," Rule 166–A(e) was not met, and the trial court erred in considering the exhibit. Particularly, defendant contends that without the exhibit the record does not establish that plaintiff took the check "for value," as it alleged, and thereby became a holder in due course. (See V.T.C.A., Bus. & Com. Code § 3.302). Defendant did not except to plaintiff's affidavit in the trial court, and he raises this complaint for the first time on this appeal. In the recent case of *The Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.Sup.1978), the Court held that the defect in question is a matter of form which is waived if it is not brought to the attention of the trial court before summary judgment is rendered. Accordingly, it was waived in our case by defendant. The exhibit was properly considered by the trial court.

Greenwell's affidavit and the copy of Jimenez's checking account show that Jimenez also deposited an additional $132.50 when he deposited defendant's check with plaintiff, for a total deposit of $2,632.50. Defendant says this proof raises a question

of fact as to whether Jimenez's account contained funds which plaintiff failed to charge back for defendant's benefit. This contention is overruled.

 It is provided in V.T.C.A., Bus. & Com.Code § 4.208(a)(1), that a bank has a security interest in an item deposited in an account "to the extent to which credit given for the item has been withdrawn or applied." The statement of Jimenez's account shows that the $2,500.00 credit given for defendant's check was totally withdrawn from the account. The record also establishes without dispute that the check was eventually dishonored by the drawee bank, and that plaintiff has recovered only $500.00 of its loss caused by the dishonored check. Defendant, as maker, is primarily liable on the check. V.T.C.A., Tex.Bus. & Com.Code § 3.102(a)(4); *Puckett v. Big Lake State Bank*, 73 S.W.2d 893, 898 (Tex. Civ.App.—El Paso 1934, writ ref'd); *First State B. & T. Co. of Rio Grande City v. Colpaugh*, 489 S.W.2d 675, 680 (Tex.Civ. App.—San Antonio 1973, no writ).

Defendant's remaining points and contentions are also without merit. They are overruled.

The judgment is affirmed.