Garrett SHERMAN et al., Appellants,

v.

Van K. DAVIS, Appellee.

No. 19950.

Court of Civil Appeals of Texas, Dallas.

June 14, 1979.

Rehearing Denied July 11, 1979.

Robert M. Thornton, Kilgore & Kilgore, Dallas, for appellants.

W. Mike Baggett, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

In this suit by two joint venturers against their coventurers, the trial court granted defendant's motion for summary judgment on the sole ground that the petition states a claim for fraud, which is barred by the two-year statute of limitation, Tex.Rev.Civ. Stat.Ann. Art. 5526 (Vernon 1958). Plaintiffs appeal on the ground that the claim alleged in the petition is not governed by the two-year statute because it is based on breaches of contractual and fiduciary duties arising out of a written contract, which is not governed by the two-year statute. We agree. Consequently, we reverse and remand.

The petition alleges the terms of the joint venture agreement, which is attached as an exhibit. The agreement authorizes defendant Van K. Davis to acquire certain land for the benefit of the venture and hold it in his name as trustee until the venturers direct otherwise. It names defendant manager of the venture property and authorizes him to do all things necessary and proper to carry out the terms of the venture, subject to reservation of control by the venturers as determined by a vote of seventy percent in interest of the venturers. The petition

alleges that defendant acquired title to the land in question for the venture and that the venturers authorized its sale on certain terms, but that defendant, in his capacity as agent and trustee, breached his fiduciary duty to plaintiffs and the other venturers in various respects, including sale of the property on terms not authorized by seventy percent in interest of the venturers, selling the property for an insufficient consideration, failing to disclose to the venturers the terms of the sale before its consummation, misrepresenting to the venturers the terms of the sale after its consummation, and obtaining benefits to himself and others to the detriment of other members of the venture.

By way of damages, the petition alleges that as a result of the acts complained of, plaintiffs lost their entire interest in the venture, except for a small share of the cash payment at the time of closing the sale, and further alleges that defendant's conduct in making fraudulent representations, concealments and breaches of trust was malicious, willful, and fraudulent, and, consequently, that plaintiffs should be required to pay punitive damages in twice the amount of the actual damages.

Defendant answered and filed a motion for summary judgment stating that the transaction in question, as alleged in plaintiffs' pleading, occurred December 4, 1973, and plaintiffs were furnished information of it on December 9, 1973; that the pleadings allege that defendant was liable because of fraudulent acts, but that the suit was barred by the two-year statute of limitation because it was not filed until January 29, 1976, more than two years after the alleged unlawful actions took place. No supporting summary-judgment proof was attached or referred to. The trial court sustained the motion and rendered judgment that plaintiffs take nothing.

■ We conclude that the two-year statute of limitation is not applicable because the petition alleges a cause of action for breach of a written contract, breach of trust, and breach of fiduciary duties, rather than one for fraudulent representations.

Although misrepresentations and concealments are alleged, as well as fraudulent conduct justifying punitive damages, the petition as a whole charges primarily breaches of duties imposed on defendant by the written contract between the parties. To be founded on a contract in writing, a suit need not be based on breach of an express duty imposed by the contract, but may be based on a written contract that acknowledges a state of facts from which, by fair implication, the obligation or liability arises. *International Printing Pressmen and Assistants' Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 736 (1946). This petition alleges breaches of fiduciary duties imposed on defendant by virtue of his position of agent and manager of the venture, as defined by the written agreement. Moreover, the petition specifically alleges that defendant acted in violation of the provisions of the venture prohibiting any action with respect to the property of the venture without a vote of seventy percent in interest of the venturers. Even the allegations of misrepresentation and concealment, which do not appear essential to the claim alleged, may reasonably be considered breaches of duties imposed on defendant as a result of the written agreement and, therefore, as breaches of contract as well as torts. Consequently, we hold that the two-year statute has no application.

■ Defendant contends further that the summary judgment must be affirmed because plaintiffs failed to file any answer or other response to defendant's motion, as required by the 1978 amendment to Rule 166–A(c) of the Texas Rules of Civil Procedure. We overrule this contention on the grounds stated in our opinion delivered this date in *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340 (Tex.Civ.App.—Dallas 1979). In that case we held that under the amended rule, the party opposing a motion for summary judgment need not file a written answer or other response in order to raise for appellate consideration the insufficiency of the summary-judgment proof to support the specific grounds stated in the motion. Consequently, we hold that plaintiffs may

raise here the question of whether the allegations of the petition—the sole summary-judgment proof relied on ·to support the motion—establish that plaintiffs' claim is barred by the two-year statute, the ground expressly stated in the motion.

■ Defendants argue further that even if our interpretation in *Combs* is correct, summary judgment is proper here because plaintiffs are urging on appeal that their claim is governed by the four-year statute of limitation, Tex.Rev.Civ.Stat.Ann. Arts. 5527 and 5529 (Vernon 1958), and this plea is one of confession and avoidance of defendant's plea of the two-year statute. Such a plea, defendant insists, is required by the amended rule to be presented by written answer or response in the trial court. We do not agree. The question, or "issue," presented by defendant's motion in the trial court was whether plaintiffs' claim is barred because it arose more than two years before the suit was filed. Plaintiffs had no burden to plead the four-year statute in order to avoid application of the two-year statute. Since the transaction admittedly took place less than four years before the suit was filed, no question is raised here concerning application of the four-year statute, except as that statute and the decisions construing it limit application of the two-year statute. Thus plaintiffs' contention with respect to the four-year statute is only a denial of the application of the two-year statute, the ground expressly raised in defendant's motion. Consequently, we hold that we have properly before us for consideration plaintiffs' contention that their petition does not show on its face that their claim is barred by limitation.

Reversed and remanded.