**Richard L. CHANDLER, Individually and d/b/a Skyline Plumbing & Hardware, Appellant,**

v.

**EL PASO NATIONAL BANK, Appellee.**

No. 6839.

Court of Civil Appeals of Texas, El Paso.

Oct. 31, 1979.

Richard L. Chandler, El Paso, for appellant.

Grambling, Mounce, Sims, Galatzan & Harris, Karl O. Bayer, Jr., W. Dean Hester, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from a Summary Judgment sustaining the contention of the Defendant, El Paso National Bank, that the Plaintiff, Richard L. Chandler, had no cause of action when he sued the Bank for a conspiracy to abuse the garnishment process and wrongfully dishonor his checks. We will reverse and remand for deficiencies in the Summary Judgment proof.

On March 15, 1978, Cashway Building Materials, Inc., as a judgment creditor, applied for a Writ of Garnishment against the El Paso National Bank as garnishee and Mr. Chandler as a judgment debtor. On March 20, 1978, the Bank was served with the resulting Writ of Garnishment, the Writ notifying the Bank that Cashway had recovered a judgment against Chandler in the amount of $1,833.75 with interest thereon at 9%, and that $1,333.75 was still due and unsatisfied on the judgment. The Bank

apparently impounded $1,185.88, which was the balance of Chandler's account, and on March 24th may have impounded two deposits to Chandler's account of $1,886.50 and $2,872.97. The circumstances surrounding these two items are in dispute and for Summary Judgment purposes have not been established. During the period of March 20th through April 12th, the Bank returned various checks which were issued by Chandler and drawn on his account at the Bank, with the notation on each check of insufficient funds. The Bank answered the garnishment proceedings. Plaintiff Chandler then filed, in the court where the garnishment proceedings were pending, his Motion to Dismiss Garnishment, and on April 4th hearing was had on said motion. After said hearing, and by order dated and entered April 12th, that Court denied the Motion to Dismiss Garnishment, but, acting under the authority granted by Rule 664a, Tex.R.Civ.P. (Supp.1979), modified its previous order granting Writ and Writ issued pursuant thereto, and permitted the release of certain of those funds. A short time thereafter, the present suit was filed against the Bank.

The Bank filed its Motion for Summary Judgment, generally reciting the facts referred to above and, as its specific grounds for the requested relief, stated (1) that from March 20th, when the Bank was served with the Writ of Garnishment, until the Court allowed the Bank to release the excess funds to Chandler, the balance in Chandler's bank account was effectively frozen and the Bank could release funds from that account only at the risk of multiple liability; (2) that Chandler's own pleadings admitted that the date of all dishonored checks fell between March 20th and the date that the Order Modifying Writ of Garnishment was actually entered. On the basis of the above, the Bank alleged there was no genuine issue as to material facts, and that the Bank neither wrongfully dishonored the Plaintiff's checks nor maliciously abused the garnishment process as a garnishee, and that it was entitled to judgment in its favor against the Plaintiff as a matter of law. After a hearing, Bank's Motion for Summary Judgment was then granted.

On this appeal, the Plaintiff is hampered by the provisions of Rule 166–A, Tex.R.Civ.P., which now provide that issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. From the briefs, it appears that, two days previous to the date on which the hearing was set by the Court, Mr. Chandler filed a plea in opposition to the Motion for Summary Judgment. The trial Court refused to consider this opposition as leave of Court to file the same had not been granted, and the filing was attempted within seven days prior to the date of the hearing. Rule 166–A, Tex.R.Civ.P. The rule places within the sound discretion of the trial court the decision as to whether a pleading filed within seven days of a summary judgment should be considered, and no showing has been made as to how the trial Court abused its discretion. We sustain the action of the trial Court, and consider the present appeal as one where issues were not expressly presented to the trial court by written motion, answer or other response.

One of the Appellant's points may be considered as attacking the sufficiency of the Summary Judgment proof offered by the Bank. In this connection, we note that two cases, after considering the new provisions contained in Rule 166–A, Tex.R.Civ.P., concluded that a nonmoving party, without filing an answer or other response, can raise for consideration on appeal the insufficiency of the summary judgment proof to support the specific grounds stated in the motion. *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Sherman v. Davis,* 583 S.W.2d 922 (Tex.Civ.App.—Dallas 1979, no writ). The Supreme Court in a per curiam opinion has now approved that one holding made in the Fantastic Homes case and stated that "a non-movant needs no answer or response to a motion for summary judgment in order to urge on appeal that the movant's proof was insufficient to establish

as a matter of law the specific grounds relied on by the movant." *Fantastic Homes, Inc. v. Combs,* (error ref'd n.r.e.), 23 Tex.Sup.Ct.J. 35 (Oct. 20, 1979). Because of this authority, we will therefore consider the Appellant's point attacking the Bank's Summary Judgment proof.

■ Certain defects are noted, and we have concluded that certain ones of them are fatal. First, the Bank's Motion for Summary Judgment refers, as its support, to attached copies of the Application for Writ of Garnishment, the Writ of Garnishment and the Order Modifying Writ of Garnishment above referred to. Appellant attacks this proof since it was not properly certified as being copies, and therefore did not constitute Summary Judgment proof. The rule now provides that such defects will not be grounds for reversal unless specifically pointed out by objection by the opposing party with opportunity, but refusal to amend. A waiver of the defect is presented because no timely filed answer or other response raised this issue in the trial Court. See *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Hackett v. Broadway National Bank,* 570 S.W.2d 184 (Tex.Civ.App.—Waco 1978, no writ).

■ Second, the Bank relies on copies of Bank records to establish that the two deposits made to the Appellant's account and the checks drawn against it all occurred during the time when the Bank was required by the garnishment to freeze the account. All these copies of the Bank records were attached as exhibits to an answer and plea in bar filed by the Bank, are nowhere attached to the Bank's Motion for Summary Judgment nor made a part thereof for any purpose. A motion for summary judgment must be supported by its own summary judgment proof. Verified copies of documents to constitute part of the summary judgment affidavit must be attached to the affidavit. There is a complete absence of summary judgment proof here regarding the record. *Perkins v. Crittenden,* 462 S.W.2d 565 (Tex.1970).

This defect will require a reversal since a part of the Plaintiff's cause of action is based on allegations that the Bank falsely answered that it was indebted to the Appellant in the amount of $5,945.35 when it was legally indebted only in the amount of $1,886.50.

■ Third, the Bank is in error when it refers to and relies upon certain answers made by the Bank to request for admissions and interrogatories, filed by the Appellant, as establishing the amounts owed to the Appellant, the checks returned, and the time period during which they were returned. These answers to requests for admissions and interrogatories cannot be relied on by the Bank us they can be used only against the party filing the answers. *Jeffrey v. Larry Plotnick Co., Inc.,* 532 S.W.2d 99 (Tex.Civ.App.—Dallas 1975, no writ).

Since the defects in the movant's Summary Judgment proof call for reversal, and consequently a retrial, we will dispose of one other matter. The Supreme Court, in the recent case of *City of Houston v. Clear Creek Basin Authority,* 23 Tex.Sup.Ct.J. 7, 589 S.W.2d 671 (1979), stated the following:

While it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to the motion to contend on appeal that the *grounds* expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal. Under the new rule, the non-movant may not urge on appeal as reason for reversal of the summary judgment any and every *new* ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing. (Emphasis added)

■ We are not attempting to reconcile what was said in the per curiam opinion regarding the *Fantastic Homes* case, supra, and this quoted statement, but we do con-

clude from the quote that where the non-movant has not answered or responded to the motion for summary judgment, an attack can also be presented on appeal where the appellant is attacking the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, and this brings us to our final discussion.

Certain of the Appellant's points contend on this appeal that the grounds presented to the trial Court by the Bank's motions are insufficient as a matter of law to support a Summary Judgment. The Appellant contends that the Bank does not have a defense to his cause of action when it acts under the command of the Writ of Garnishment and impounds the Appellant's funds, including any amounts that might be in the account in excess of the garnishor's demand, during the period of time between the service of the Writ and the time when the Court ordered the release of the excessive funds. This point will be overruled as the Bank does have such a defense. See Article 4084, Tex.Rev.Civ.Stat.Ann. (1966). Not only is it illegal for the Bank to release the funds, but it is the duty of a bank to report all the funds that it has on hand belonging to the debtor at the time the writ of garnishment is served and also those coming into its hands up until the time it has to answer. The writ of garnishment impounds the funds in the hands of a bank when the writ is served and also such funds belonging to the debtor up to and including the day the garnishee has to answer. *First National Bank in Dallas v. Banco Longoria, S.A.*, 356 S.W.2d 192 (Tex.Civ.App.—San Antonio 1962, writ ref'd n.r.e.). If the facts are established that the Bank in this case impounded the Appellant's funds, including an amount in excess of the demand, between the date of the Writ and the date the garnishment court ordered the funds released, then the Bank would be justified in its actions and there would be no wrongful dishonor of any item. Section 4.402, Tex. Bus. & Comm.Code Ann. (Tex. UCC 1968). Under the new rule, the debtor can be protected as he can obtain immediate relief, if it be justified, by applying to the court where the garnishment is pending. Rule 664a, Tex.R.Civ.P. (Supp.1979).

If the facts be established to support the grounds alleged by the Bank in its Motion for Summary Judgment, there would also be no cause of action for civil conspiracy as alleged by the Appellant in his petition. 12 Tex.Jur.2d Conspiracy sec. 16 at 337. The points contending that the grounds presented in the Bank's motion are insufficient as a matter of law are overruled.

Having considered only the points that are properly before us on this appeal, and having sustained the Appellant's point raising the insufficiency of the Summary Judgment proof, the judgment of the trial Court is reversed, and the case is remanded.