John P. DARNELL, Appellant,

v.

Bill MARTIN, Appellee.

No. 08–87–00064–CV.

Court of Appeals of Texas, El Paso.

Sept. 30, 1987.

Rehearing Denied Nov. 25, 1987.

Stephen I. Weil, Houston, for appellant.

J. Anthony Foster, Jr., Richard K. Nunley, P.C., Odessa, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment awarding Plaintiff $11,200.00 for a partnership contribution. We reverse and render.

A jury trial established a partnership for the purchase and resale of drill pipe. In 1979, the Plaintiff-partner procured the customers, and the Defendant-partner procured the pipe. Pipe was sold netting each partner $11,250.00 profit. Plaintiff was indicted for theft based upon his misrepresentations to the purchaser regarding the quality of the pipe. Defendant was not charged, nor was there any evidence of his knowledge of any wrongdoing in regard to the sale. Plaintiff was convicted and assessed a ten-year sentence with probation. A term of that probation was an order for him to make restitution of $53,500.00 to the

defrauded buyer, which he did. He sold the returned pipe for $12,000.00. After various offsets and credits from other partnership matters, Plaintiff sought contribution for the profits paid the Defendant-partner from the original sale.

The general rule of law is that wherever the party seeking to recover is obliged to make out his case by showing an illegal transaction, or through the medium of an illegal transaction, a claim of contribution must be denied. This was not pled in the trial court nor claimed on appeal, and will not be considered here.

Probation is a form of legal punishment. *Angelle v. State*, 571 S.W.2d 301 (Tex.Crim.App.1978). A term of probation would necessarily be, in part, a form of penal retribution. The criminal conviction and its consequences are personal to the defendant and not chargeable to co-partner unless he had knowledge. *United States v. Quinn*, 141 F.Supp. 622, 627 (S.D.N.Y. 1956).

Point of Error No. One is sustained. Judgment of the trial court is reversed, and judgment is hereby rendered that Plaintiff is to take nothing.