Bobby HELPINSTILL, Appellant,

v.

REGIONS BANK, Successor in Interest to and Formerly Known as Longview National Bank, Appellee.

No. 06–99–00070–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 5, 2000.

Decided Nov. 15, 2000.

Rehearing Overruled Dec. 5, 2000.

**402**

Ron Adkison, Wellborn, Houston, Adkison, Mann, Henderson, Kenneth L. Ross, Ross, Hudgens & Graves, Longview, for appellant.

David R. Watson, Jerry S. Harris, Harbour, Smith, Harris & Merritt, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and HILL, JJ.

## OPINION

Opinion by Justice HILL.

Bobby Helpinstill, individually and as a general partner in MBO Computers, a Texas general partnership, appeals from a judgment in favor of Regions Bank, successor in interest to and formerly known as Longview National Bank. The Bank sued Helpinstill to recover funds representing overdrafts that Helpinstill's partner in MBO, Mike Brown, had made when paying creditors of the partnership. Brown, while creating overdrafts on the partnership account, was shuffling funds from one bank account to another and is now in federal prison for conducting a check-kiting scheme.

Helpinstill presents seven points of error in which he contends that: (1) there is no evidence, or, strictly in the alternative, legally and factually insufficient evidence, that he ratified Brown's actions; (2) there is no evidence or, strictly in the alternative, legally and factually insufficient evidence, that Brown's deposit of money "created" by his kiting scheme was within the ordinary course of business of the partnership; (3) the honorable trial court erred in instructing the jury, over Helpinstill's objection, on the obligations of one partner to another, because the instructions given are an improper comment on the weight of the evidence; they inform the jury of the effects of their answers, they are not necessary to allow the jury to decide this case; and they impermissibly shift the burden of proof to Helpinstill; (4) the honorable trial court erred in overruling Helpinstill's objection that the phrase "in the ordinary course of business" used in jury question number one is a legal phrase and should be defined; (5) the honorable trial court erred in submitting jury question number two without limiting the benefit of the deposits reference in the question to those attributable to Brown's illegal kiting scheme; (6) the honorable trial court erred in submitting jury question number three without limiting the time period during which the appellant could ratify Brown's actions to the period of time after the appellant first learned that Brown was illegally kiting checks through the partnership bank account; and (7) the honorable trial court erred in refusing to submit the appellant's requested jury questions num-

bers one through four, on the grounds that the proposed jury questions were a controlling issue in the case.

We affirm because: (1) there is legally and factually sufficient evidence to support the jury's finding that Brown, in depositing to and writing checks on the partnership account at Longview National Bank, was acting in the ordinary course of business of the partnership; (2) because the undisputed evidence established Helpinstill's liability to the bank as a matter of law, any error in giving the instructions to the jury on partnership law to which Helpinstill objects was not such an error as probably caused the rendition of an improper judgment or prevented Helpinstill from properly presenting his case to this court; (3) the trial court did not err in failing to submit to the jury a definition of the phrase "in the ordinary course of business" because the term is one of common use and has no special legal or technological meaning; and, even if the failure to define the phrase was error, it is not reversible because Helpinstill did not submit a definition to the trial court; (4) because the evidence is undisputed that MBO benefited from the funds deposited in the partnership bank account at Longview National Bank, both before and after the initiation of Brown's check-kiting scheme, any error by the trial court in failing to limit a jury question inquiring about such a benefit without limiting it in time to the period of the check-kiting scheme was not such an error that probably caused the rendition of an improper judgment or prevented Helpinstill from properly presenting his case to this court; and (5) any error by the trial court with respect to either of the questions relating to Helpinstill's ratification of Brown's action is likewise harmless because Helpinstill's liability to the bank was established as a matter of law without any need of his ratifying Brown's check-kiting scheme.

■ Helpinstill argues in point of error two that there is no evidence or, alternatively, factually insufficient evidence to support jury question number one, which asked whether Brown, in depositing to and writing checks on the bank accounts of MBO, that resulted in an overdraft at Longview National Bank in January 1997, was acting in the ordinary course of business of the partnership. We note that the question did not inquire, as intimated by Helpinstill in his point of error, whether "Brown's deposit of money 'created' by his kiting scheme was within the ordinary course of business of the partnership." In determining whether there is no evidence of probative force to support a jury's finding, we must consider all of the evidence in the record in the light most favorable to the party in whose favor the verdict has been rendered, and we must apply every reasonable inference that could be made from the evidence in that party's favor. *See Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). In this review, we disregard all evidence and inferences to the contrary. *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995); *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990). We will sustain a no-evidence point of error when: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence conclusively establishes the opposite of the vital fact. *See Havner*, 953 S.W.2d at 711. More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fairminded people to differ in their conclusions. *Id.; Burroughs Wellcome Co .*, 907 S.W.2d at 499.

■ Helpinstill and Brown were partners in MBO. They created a partnership banking account at Longview National Bank, each agreeing that he would be individually liable for any overdrafts created on the account. It began to be a regular

procedure of the business that Brown, who was actively managing the business, would write overdrafts on the account and cover them later with deposits. Helpinstill acknowledges that Brown's activity in depositing checks to and writing checks on the partnership account and creating overdrafts on those accounts was, prior to Brown's kiting scheme, in the ordinary course of business of the partnership. We believe that the evidence is sufficient to support the jury's finding that Brown's depositing checks to and writing checks on the bank accounts of MBO in January 1997 was in the ordinary course of business of the partnership. We disagree with Helpinstill's contention that such activity by Brown ceased to be in the ordinary course of business of the partnership when Brown initiated a check-kiting scheme by shuffling money from one account to another, all in different banks, in order to keep MBO solvent. Brown's creation of the overdrafts was in the ordinary course of business of MBO, even though the illegal check-kiting scheme was not.

■ When we consider a factual sufficiency challenge to a jury's verdict, we must consider and weigh all of the evidence, not just that evidence that supports the verdict. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998). We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Id.; Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). In support of his argument under this point of error, Helpinstill refers us to testimony indicating that the $381,011.15 lost by Regions Bank was the amount representing the bank's exposure as a result of MBO's activities in the three banks that Brown used in his kiting scheme. Considering this and all other evidence, we do not find that the verdict is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust.

Helpinstill insists that he is not liable personally for the debt to the bank be-cause he was not aware that Brown was kiting checks and did not ratify the kiting scheme. We hold that Helpinstill's liability was established by virtue of the fact that the partnership was indebted to the bank for the overdrafts that Brown created in the ·ordinary course of the partnership's business, and Helpinstill, as a general partner, is responsible for such partnership debts. TEX.REV.CIV.STAT.ANN. art. 6132b–3.04 (Vernon Supp.2000).

In urging that he does not have personal liability, Helpinstill relies upon the cases of *K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv.*, 158 Tex. 594, 314 S.W.2d 782, 793 (1958); *Darnell v. Martin*, 740 S.W.2d 15, 16 (Tex.App.—El Paso 1987, writ denied); *First State Bank & Trust Co. of Rio Grande City v. Colpaugh*, 489 S.W.2d 675, 679 (Tex.Civ.App.—San Antonio 1972, no writ); and *Maclay v. Kelsey–Seybold Clinic*, 456 S.W.2d 229, 232 (Tex.Civ.App.—Houston [1st Dist.] 1970), *aff'd*, 466 S.W.2d 716 (Tex.1971). We find all of these cases to be distinguishable, because none involves, as does this case, liabilities incurred because of activities conducted in the ordinary course of business that are in part facilitated by illegal activity.

Helpinstill contends that the real issue is whether Brown's check-kiting scheme was in the ordinary course of business. He suggests that the source of the overdrafts was the collapse of the kite and that the overdrafts are attributable to bank fraud. In fact, the source of the overdrafts was the fact that Brown was writing checks exceeding the actual deposits on account; the overdrafts are attributable, then, to the lack of sufficient funds to cover the checks Brown wrote. The kiting scheme, rather than creating the overdrafts, was being used to disguise them; and, while not in itself in the ordinary course of the partnership's business, the kiting scheme did not change the fact that the creation of overdrafts was in the ordinary course of the partnership's business. We overrule point of error two.

■ Helpinstill insists in point of error three that the trial court erred in including in its charge certain instructions relating to Texas partnership law because they were an improper comment on the weight of the evidence, they informed the jury of the effect of their answers, they are not necessary to allow the jury to decide this case, and they impermissibly shift the burden of proof to him. We hold that the undisputed evidence established Helpinstill's liability to Regions Bank as a matter of law. Consequently, we hold that even if the trial court erred in giving the partnership law instructions for one or more of the reasons cited by Helpinstill, it was not such an error that probably caused the rendition of an improper judgment or prevented Helpinstill from properly presenting his case to this court. TEX.R.APP.P. 44.1(a). We therefore overrule point of error three.

■ Helpinstill urges in point of error four that the trial court erred in overruling his objection to the lack of definition in the court's charge for the phrase "in the ordinary course of business." This term is one of common use that has no special legal or technological meaning. As noted by Helpinstill, the phrase is frequently used in statutes in connection with the legal definition of other words or phrases, but without itself being defined. Because the term is one of common use that has no special legal or technological meaning, it need not be defined. See *Pritchett v. Highway Ins. Underwriters*, 158 Tex. 116, 309 S.W.2d 46, 49 (1958). Helpinstill presents no authority in support of his argument that the phrase has such a specialized legal or technological meaning apart from its meaning in the ordinary sense, and we are not aware of any. We also note that Helpinstill did not submit a definition of the phrase in writing to the trial court. Under those circumstances, the trial court's failure to submit a definition of the phrase is not a possible ground for reversal. TEX. R.CIV.P. 278. We overrule point of error four.

■ Helpinstill contends in point of error five that the trial court erred by submitting jury question two without limiting the benefit of deposits reference in the question to those attributable to Brown's check-kiting scheme. Question two in the court's charge inquired whether MBO had and received the benefit of funds credited to its bank account at Longview National Bank. Undisputed evidence was presented that shows that the partnership benefited from those funds credited to its account at Longview National Bank, both before and during Brown's check-kiting scheme. Consequently, we hold that if the trial court erred in failing to limit question two to deposits made during Brown's check-kiting scheme, it was not such an error that probably caused the rendition of an improper judgment or prevented Helpinstill from properly presenting his case to this court. TEX.R.APP.P. 44.1(a). We also note that Helpinstill failed to preserve this error because he made no objection to this question on the grounds raised in this point of error. TEX.R.APP.P. 33.1. We therefore overrule point of error five.

Helpinstill insists in point of error one that there is no evidence or, alternatively, factually insufficient evidence that he ratified Brown's actions, while he insists in point of error six that the trial court erred by not limiting the time period during which he could ratify Brown's actions to the period of time after he first learned that Brown was illegally kiting checks through the partnership account. Inasmuch as we have held that Brown's depositing checks to and writing checks on the bank accounts of MBO in January 1997 was in the ordinary course of business of the partnership, Helpinstill's liability in this case does not depend upon his ratifying Brown's actions. See TEX.REV.CIV.STAT. ANN. arts. 6132b–3.03, 6132b–3.04 (Vernon Supp.2000). Therefore, if the trial court made any error with respect to either of these questions dealing with Helpinstill's ratification of those actions, it was not such an error that probably caused the rendi-

tion of an improper judgment or prevented Helpinstill from properly presenting his case to this court. Tex.R.App.P. 44.1(a). We therefore overrule points of error one and six.

Helpinstill argues in point of error seven that the trial court erred in refusing to submit his requested jury questions one through four on the grounds that the proposed jury questions were a controlling issue in the case. Helpinstill's requested jury questions one through three inquire whether Longview National Bank/Regions Bank and Helpinstill agreed that he would be liable for Brown's unauthorized conduct of check-kiting, whether he failed to comply with the agreement, and, if so, whether his failure to comply was excused. We do not agree with Helpinstill's position that his liability for Brown's overdrafts ceased when Brown began his check-kiting scheme. Consequently, the proposed questions concerning whether the bank and Helpinstill agreed that he would be liable for Brown's check-kiting has no relevance in determining Helpinstill's liability. Therefore, the trial court did not err in failing to submit those questions.

Jury question four inquired whether Helpinstill benefited from the checks or deposits charged back by the bank in January 1997 to the MBO account. Inasmuch as Helpinstill is liable to the bank for the overdrafts made by Brown in the ordinary course of MBO's business, the question as to whether he individually benefited is of no legal relevance in determining Helpinstill's liability. Consequently, the trial court did not err in failing to submit this question to the jury. We overrule point of error seven and affirm the judgment.

ROSS, J, not participating.